## STEWART vs. McSWEENEY.

The recording of a deed in a different county from that in which the land is situated is not notice to a subsequent purchaser.

But actual possession under an unrecorded deed is sufficient to put a subsequent purchaser upon inquiry, and to affect him with notice of the title of the possessor.

A conveyance of land in the possession of a party claiming adversely to the grantor, was not void under chapter 59, R. S. 1849.

Where, in an action to recover real estate, a tax deed was read in evidence but was not incorporated into the bill of exceptions: *Held*, that this court must assume, nothing appearing to the contrary, that the deed was executed in strict conformity to law.

Under chap. 197, Laws of 1859, a tax deed was *prima facie* evidence that the land was properly *assessed*, as well as that the other steps necessary to the validity of a sale of the land for taxes were regularly taken.

Under sec. 88, chap. 15, R. S. 1849, the affidavit of the publication of a notice of the sale of land for taxes might be made by any one who knew the fact.

APPEAL from the Circuit Court for *Ozaukee* County.

This was an action to recover possession of certain land in Ozaukee county, and was tried by the court without a jury. The plaintiff, *William M. Stewart*, offered in evidence a deed

for the land from Peter B. Grignon to W. F. Stewart, dated February 27, 1856; and a deed from W. F. Stewart to the plaintiff, executed in March, 1856. He also offered in evi- dence a tax deed of the land, executed to him November 2, 1858, which recited that the land had been sold for delinquent taxes of the year 1855. The defendant objected to its reception, on the ground that no evidence had been offered that the necessary steps had been taken to authorize a sale of the land for said taxes; but the objection was overruled, and the deed was read in evidence. The defendant, who admitted that he was in possession, introduced in evidence " an affidavit of the publication of unredeemed lands, (including those in dispute), for the year 1855," which affidavit purported to be made by the *publisher* of a paper in said county. He then proved that there was no other affidavit of such publication; and thereupon moved to have the tax deed withdrawn from the evidence in the case ; but the motion was denied. The defendant then read certain deeds, &c., constituting his chain of title, commencing with a deed from Peter B. Grignon to Alexander Grignon, dated June 24, 1836, which described the land as situate " in the county of Milwaukee and territory of Michigan," and was recorded in Brown county, August 17, 1836. The defendant also introduced evidence tending to show that he was in possession of the land at the date of the execution of the deed from Peter B. Grignon to W. F. Stewart. The substance of this evidence is stated in the opinion of the court.

The circuit court found as facts, that Peter B. Grignon sold and conveyed said premises to W. F. Stewart for a valuable consideration ; that the defendant went into possession of the premises on the 8th of October, 1855, and had continued in possession until the commencement of the action ; and that when the deed from Peter Grignon to Alexander Grignon was recorded in Brown county, the premises were situate in the county of Milwaukee and territory of Michigan. As conclusions of law, the court found that the plaintiff had an estate in fee in the premises, and was entitled to recover them from the defendant. The defendant excepted to the

several findings of fact, except the second, and to the conclusions of law. Judgment for plaintiff.

*G. W. Foster*, for appellant:

The appellant's prior title must prevail unless the respondent has shown that he was (1), a purchaser in good faith, (2), for a valuable consideration, and (3), had his deed first recorded. R. S., chap. 86, sec. 25. The first and third facts the court did not find, and its conclusions of law are therefore unsupported by the facts. Laws of 1860, chapter 264, sec. 13; 9 Wis., 476; 10 id., 415, 516. 2. A purchaser with notice is not a purchaser in good faith (4 Kent, 169–70, 179), and possession is notice. *Woods vs. Farmere*, 7 Watts, 382; 5 Johns. Ch. R., 29. When W. F. Stewart purchased, his grantor told him he had no title; but he said he would risk it. This was sufficient notice. 4 Wis., 1. 3. A subsequent purchaser can assert no right until his deed is recorded. 4 Kent, 172–3; 3 Kern., 518; 16 N. Y., 402; 4 Pick., 273. There was no proof that the respondent's deed was recorded. 4. The conveyance made to the respondent while the appellant was in adverse possession, was void by R. S., chap. 86, sec. 7. 5. As to the tax deed, counsel contended (1) that it should not have been admitted in evidence, until it had been shown that the land was subject to taxation, and had been assessed, because under the law of 1859, such deed is evidence of the regularity of all proceedings only *from* the valuation, citing 28 Barbour, 284, and cases there cited; Smith's Com., § 618. (2) That such a deed cannot be used as evidence even of those facts of which the statute makes it *prima facie* evidence, unless those facts are *alleged* in the complaint. (3) That the proof of publication of the list of unredeemed lands was insufficient.

*A. M. Blair*, for respondent.

December 11. *By the Court*, COLE, J. It is clear from the evidence in this case that the respondent, on the trial in the court below, attempted to establish his right to recover the premises in dispute, upon two grounds: 1st, upon the strength of his title derived from Peter B. Grignon, under the conveyance executed by Grignon to his grantor, Wilson F. Stewart, dated

February 27th, 1856; and 2d, under and by virtue of the tax deed executed to him, and recorded November 3d, 1858. If his right to recover rested alone upon the title derived from the conveyance first named, we should feel constrained to reverse the judgment, because we cannot say that he was a *bona fide* purchaser without notice. For the testimony very clearly and satisfactorily shows that the appellant was in possession of the premises at the time that deed was executed, and this possession was sufficient notice to put the respondent upon inquiry as to the possessor's title. Cooney testified that the appellant purchased the premises in the fall of 1855, and that he went to chopping thereon in the winter of 1856, and has since remained in possession; while Coady swears that the appellant went into possession on the 8th of October, 1855, and that he has remained in possession ever since. This evidence is uncontradicted, and establishes beyond doubt the fact that the appellant was in possession of the premises when Grignon conveyed to Wilson F. Stewart, and also when the latter conveyed the property to the respondent. So that although the respondent was not chargeable with constructive notice of the deed executed by Peter B. to Alexander Grignon in June, 1836, because it was not recorded in the county where the lands were situated, yet the possession of the appellant was sufficient to put him upon inquiry, and to enable him to find out by the exercise of ordinary diligence, upon what right or title this possession was founded.

It was also insisted that the conveyances above named were void, because at the time they were executed the lands were in the actual possession of the appellant claiming under an adverse title. But this objection is clearly untenable, for the reason that in 1856, section 7, chapter 59, R. S., 1849, was in force, which changed the rule of the common law upon this subject. But still, for the reasons already stated, we should hold that the respondent ought not to recover upon the strength of his title derived from Grignon; and yet upon the other ground, namely, the tax deed offered in evidence, we are unable to see how his right could have been successfully resisted. This tax deed has not been in-

corporated into the bill of exceptions, and we therefore have not the advantage of an inspection of the instrument. But we must assume, nothing appearing to the contrary, that the deed was executed in strict conformity to law. In that case we suppose that it vested the title to the premises in the respondent. But it is said, before the respondent could avail himself of the benefit of the tax deed, it was incumbent upon him to show that the deed was regularly obtained—in other words, that all the acts of the public authorities in listing the lands, assessing the tax, advertising and selling the land for the delinquent tax, and giving the deed, were in strict conformity to law. This would undoubtedly be necessary if our statutes did not make the tax deed itself *prima facie* evidence of the regularity of all these proceedings, and devolve upon the party attacking the deed the duty of showing wherein it is invalid. The doctrine has been established by several cases decided in this court, and must be considered as the settled law of the state.

It was further objected that our statutes make the tax deed *prima facie* evidence of all the proceedings only *from* the valuation of the land by the assessor up to the execution of the deed, but that still it is necessary to prove the appraisement or valuation by the assessor. The word "from," when used in statutes, is construed either inclusively or exclusively, according to the context or subject matter; and we have no doubt that our legislature intended using it in this place in the former sense, and thus make the deed *prima facie* evidence of the regularity of the valuation of the land by the assessor, as well as of the subsequent proceedings. We certainly can see no reason why the legislature should make a distinction between the act of appraising the land and any other act performed by the official authorities, and we do not think they intended doing so.

The affidavit of the publication of the notice of the sale of lands for taxes of 1855, was objected to as being insufficient; but the statute provides that such affidavit may be "made by some person to whom the fact of publication shall be known." Sec. 88, chap. 15, R. S., 1849. We therefore do not think this objection well taken.

This disposes of all the points made by the counsel for the appellant.

The judgment of the circuit court must be affirmed.