## WHITNEY VS. MARSHALL.

The original owner of land sold for taxes, who did not have actual possession of it at any time during the three years next after the recording of the tax deed, cannot maintain an action to recover possession from the holder of such deed.

In such an action the tax deed may be read in evidence by the defendant, without preliminary proof that the proceedings in assessing and levying the taxes for which the land was sold were regular.

In such an action the bar of the statute is sufficiently pleaded by stating the facts which show the defendant to be within its protection.

APPEAL from the Circuit Court for *Brown* County.

Action commenced March 17, 1860, to recover possession of "lot 670 in the town plot of Navarino in the north ward of the city of Green Bay." The defendant, by his answer, claimed title under tax sales made in 1852, 1853, 1855 and 1856 respectively, and deeds issued thereon (the land being unredeemed) in 1855, 1856, 1858 and 1859 respectively, and immediately recorded. On the trial, the plaintiff offered proof of title in himself in October, 1850, derived from the original patentees. Some of the evidence offered to make out his title was ruled out by the court; but as no question in respect to it is passed upon by this court, it is here omitted. The defendant,

among other things, offered in evidence successively two tax deeds "in the usual form," from the clerk of the board of supervisors of Brown county to one Meade, one dated May 7, 1855, and recorded on the 9th of the same month; the other dated and recorded April 15, 1856. To these deeds the plaintiff objected, 1. Because there was no previous proof of the regularity of the proceedings in assessing and levying the taxes returned delinquent by the county treasurer, and in the notices given prior to the sale and the execution of the deed. 2. Because if they were offered under the statute of limitations, the statute should have been pleaded. 3. Because there was no proof of possession of the premises by the defendant for three years prior to the commencement of the action. The objections were overruled, and the deeds received in evidence. The defendant then read in evidence a deed to him from said Meade, in 1857, of "lot 670 in the North ward of the city of Green Bay, according to the recorded plot thereof;" to which the plaintiff objected on the ground that it did not describe the lot in suit; but the objection was overruled. The plaintiff then called various witnesses and offered to prove by them that certain personal property in the city of Green Bay was not assessed or taxed in 1851 and 1852; that the delinquent returns of the treasurer of Green Bay for 1851 and 1852 were insufficient for want of the certificate or affidavit required by law; that the treasurer's notices of the sales of lands for the taxes of 1851 and 1852, and the notices given by the clerk of the board of supervisors of said county, were not given for the time required by law; that lot 670 was not assessed to the plaintiff in 1852, but to another person, and that it was not taxed separately but with other lots; and that a part of the county taxes of Brown county in 1852 were illegally levied; but the evidence was rejected. There was no evidence of any occupation of the lot in suit until the defendant built a house upon it in the summer of 1857, into which he moved in the autumn following, and resided there for about a year, and then

leased the property.   At the commencement of the suit the premises were unoccupied.

The plaintiff asked the following instruction to the jury, which was refused :   " The fact that more than three years elapsed after the recording of the two tax deeds, before the commencement of this action, is no defense to this suit, unless the defendant had possession of the lot for the full period of three years before the suit was commenced."   The court gave the jury the following among other instructions :   " The recording of the tax deed from Brown county to Meade, dated May 7th, 1855, was notice to the plaintiff and all the world that the lot was claimed by the grantee in that deed; and, after three years from the recording of that deed, the plaintiff can dispute its validity only by showing either that the taxes were paid before the lot was sold, or that the lot was redeemed from sale before the deed was made."

Verdict and judgment for the defendant.

*E. H. Ellis*, for appellant.

*Tim. O. Howe*, for respondent.

*By the Court*, DIXON, C. J.   It appears that the lot in controversy was vacant at the time of the execution and recording of the first tax deed, and that it was not in fact occupied for any purpose until the defendant entered, in the summer of 1857, and built the house in which he subsequently resided. No objection is taken to the form of the deed, and upon the authority of *Knox v. Cleveland*, 13 Wis., 245, and *Dean v. Early*, 15 Wis., 100, the statutory bar was complete at the expiration of three years from the time of the recording, and this action cannot be maintained.   The same remarks apply to the second tax deed.

The objection that there was no preliminary proof of the regularity of the proceedings in assessing and levying the taxes &c., is answered by *Stewart v. McSweeney*, 14 Wis., 468.   The deeds are themselves *prima facie* evidence of regularity, and,

coupled with the limitation of the statute, cut off all investigation of those questions.

The further objection, that the statute is not sufficiently pleaded, is met by *Howell v. Howell*, 15 Wis., 55. The facts showing the defendant to be within its protection are specifically stated in the answer.

Judgment affirmed.