19   103
78   381

## SMITH VS. SMITH.

On the application of a creditor whose judgment against an insolvent debtor has been discharged of record under section 22, ch. 161, R. S., and on affidavits stating that such insolvent debtor had omitted from the schedule of his assets certain real estate in which he had an interest (worth $1000) at the time of applying for his discharge, and which he had purchased with his own means but caused the title thereof to be taken in his wife's name in order to defraud his creditors, and that said debtor had also omitted from said schedule $300 of money belonging to him in the hands of another person—a new trial or hearing is awarded to the circuit court in which such judgment was rendered. Sec. 25, ch. 161, R. S.

The omissions alleged in this case are sufficient proof of actual fraud; and it was

not necessary to prove otherwise that the debtor had wilfully sworn falsely in the affidavit annexed to his petition, or that he had secreted a part of his estate with intent to defraud his creditors. Subds. 1, 3 and 6, sec. 24, ch. 161, R. S.

Where a petitioner for a discharge as an insolvent debtor, for the purpose of preventing one of his creditors (or an agent of the same) from appearing and resisting the application for such discharge, causes him to be arrested just before the hearing of such application, for an alleged tort, *it seems* that this is a *fraud*, within the meaning of subd. 6, sec. 24, ch. 161, R. S.

ERROR to the Circuit Court for *Winnebago* County.

*Elbridge Smith* was discharged from his debts, under the provisions of ch. 161, R. S., by the judge of said circuit court at chambers, April 10, 1862; and thereafter judgments were entered for the several creditors and against said *Elbridge Smith*, and such judgments were discharged of record, in accordance with secs. 21 and 22 of said chapter. A writ of error was sued out from this court by *Frederick H. Smith*, one of said creditors, under sec. 25 of said chapter. Upon the hearing in this court, affidavits of William Smith (attorney in fact and general agent of said *Frederick H. Smith*), Lewis Clapp, E. Benglesternaw, L. H. Brown and others were read for the plaintiff in error. The substance of them is sufficiently stated in the opinion of the court.

*Martin & Hofer*, for plaintiff in error, cited ch. 161, R. S., and *Salters v. Tobias*, 3 Paige, 338.

*Elbridge Smith*, in person, *contra*.

*By the Court*, COLE, J. Chapter one hundred and sixty-one, relating to the discharge of insolvent debtors, requires the insolvent, among other matters, to state in the schedule a full and true inventory of all his estate real and personal. Subd. 6, sec. 2. In the affidavit which he is required to make and annex to the petition, account and inventory, he must likewise swear that he has made a true statement in the schedule of his assets and liabilities, and that he has not at any time or in any manner whatsoever disposed of or made over any part of his estate for the future benefit of himself and family or in order to defraud any of his creditors. Sec. 3. Every discharge

Smith vs. Smith.

granted shall be avoided if the insolvent shall wilfully swear falsely in his affidavit annexed to his petition, or upon his examination, in relation to any material fact concerning his estate or his debts, or to any other material fact, or if he shall be guilty of any fraud whatever, contrary to the true intent of the statute. Subds. 1 and 6, sec. 24. In this case William Smith states in his affidavit that certain real estate which he mentions, the title to which was in the wife but which really belonged to the insolvent, was omitted in the schedule; also, that the insolvent neglected to return about three hundred dollars, which was in the hands of one E. D. Smith, and which should have been embraced in the schedule. It appears further from the affidavits of Benzelsternaw and Brown, that the insolvent, in 1861, purchased of Brown a real estate mortgage amounting to the sum of $535, which he sold to Benzelsternaw for lots 4 and 6, block 2, and lot 6, block 11 in Menasha, which were conveyed to his wife. Now it is very apparent from these affidavits that the insolvent had made over to his wife a portion of his real estate, which of course would enure to his future benfit, and that he omitted to embrace such property in his schedule. This was undoubtedly a fraud upon the law and a fraud upon the creditors, particularly upon the plaintiff in error, who is the assignee of a debt contracted in 1857, some years before the conveyance of the property to the wife. The law countenances no such injustice and wrong as would be perpetrated if a man could convey a portion or all of his property to his wife or some friend and then obtain a discharge without applying such property to the payment of his just debts. It is said that it does not appear that the omission to include this property in the schedule was wilful and made with intent to secrete and keep it from the creditors. But what further proof of actual fraud is necessary than this omission on the part of the insolvent to include this property with his other assets? He must have known all about this property, the fact that he paid the consideration, and that it was really his. The

law gives him the benefit of a discharge on condition that he surrender his property to his creditors.    But if he does not honestly and fairly give a true account of his estate and conform in all things to the requirements of the chapter, he is not entitled to it.

It is also stated in the affidavit of William Smith, that the defendant in error prevented him from being present before the judge on the hearing of the application, and, as agent of the plaintiff in error, opposing the discharge, by causing him to be arrested on a warrant for a pretended assault and battery and thus keeping him from the place where the hearing was had.    Such conduct as this on the part of the insolvent, if it was really dictated by the purpose of preventing an opposing creditor from being present to resist the application, would not only be grossly improper but would probably be a fraud within the last clause of section 24, and avoid the discharge.    But without dwelling upon this point, we're clearly of the opinion that there must be a new hearing of the application on account of the omission to include in the schedule all of the insolvent's property.

A new trial or hearing is therefore awarded to the circuit court of Winnebago county.