PHILLEO vs. HILES and others.

TAX DEED: *Action by grantee to bar former owner; what defenses available without deposit.*

1. Without a fair and equal assessment made in compliance with the statute, there can be no valid tax.
2. In an action, under sec. 35, ch. 22 of 1859, by the grantee in a tax deed, to bar the title of a former owner, any defense, though not enumerated in sec. 38, which *goes to the groundwork of the tax*, is admissible, with- out the deposit required by the latter section. If it were held otherwise, said sec. 38 would be invalid.
3. Thus, such an action may be defended, without any deposit, upon the ground that the assessor did not value defendant's lands, nor any con- siderable portion of the lands in his town, *from actual view*, and did not inform himself in any manner of the actual or relative value of the lands, but valued them arbitrarily, and did not make, and annex to the tax roll, the affidavit required by the statute, nor sign or certify said roll.

APPEAL from the Circuit Court for *Wood* County.

The plaintiff, claiming title under four tax deeds issued in 1876, brought this action against the original owners of the land for the purpose of barring their title, under sec. 35, ch. 22, Laws of 1859, as amended by subsequent statutes (Tay. Stats., 448, § 199). After the time for answering had expired, the defendant *George Hiles* and two other defendants sever- ally asked leave to file amended answers. Each of the pro-

posed answers contains certain averments relating to the lands included in one of said deeds, and situate in the town of Seneca, in said county, which allegations were substantially as follows: That said deed was based upon a pretended sale of the lands for nonpayment of pretended taxes for the year 1870; that the assessor of the town for that year did not value defendants' lands, nor any considerable portion of the lands in said town, from actual view; that he did not go upon said lands, nor examine or view the same, or any part or parcel thereof, nor did he in any manner inform himself as to their actual or relative value; that, in his pretended assessment roll, he set down opposite each tract an arbitrary sum; that he did not take and subscribe any oath annexed to the pretended assessment roll, and did not sign or certify the said roll in any manner; that, upon the void list thus made, or a copy thereof, the town clerk extended against the defendants' lands the several sums, for nonpayment of which the pretended tax sale was had, upon which the deed in question was based. There were precisely similar averments as to two of the other deeds. The defendants did not allege or make any deposit with the clerk of the court for the use of the plaintiff; the latter objected to the filing of the proposed amended answers, solely on that ground; and the court, upon the same ground, refused leave to file the answers. The defendants by whom such answer was proposed, appealed from the order.

For the appellants, a brief was filed by *Powers & Briggs*, and the cause was argued orally by *L. P. Powers*. They contended that the proposed defense goes to the very foundation of the tax (Blackwell on T. T., 130–134; Cooley on Taxation, 259–359; *McReynolds v. Longenberger*, 57 Pa. St., 13; *Dean v. Borchsenius*, 30 Wis., 236; *Hersey v. Supervisors*, 37 id., 75; *Johnston v. Oshkosh*, 21 id., 184); and that the object of sec. 38, ch. 22, Laws of 1859 (Tay. Stats., 449, § 202), was not to cut off defenses of this character, but "merely technical defenses, not going to the groundwork and justice of the pro-

ceedings." *Wakeley v. Nicholas*, 16 Wis., 588; *Wilson v. Jarvis*, 19 id., 597; *Smith v. Smith*, id., 615; *Dayton v. Relf*, 34 id., 86; *Johnston v. Oshkosh, supra.*

The cause was submitted for the respondent on the brief of *Webb & Cochran.* They contended that the defendants were clearly precluded by the statute from setting up the defenses here in question, without a deposit (*Knight v. Barnes*, 25 Wis., 353; *Smith v. Smith*, 19 id., 620; *Cotzhausen v. Kaehler, ante*, p. 332); and that the proposed answers did not show that the taxes complained of were inequitable or exces‧sive, but merely that some of the proceedings were not in accordance with the law, and therefore the defense set up was merely technical. *Wakeley v. Nicholas*, 16 Wis., 594; *Barden v. Supervisors*, 33 id., 445.

RYAN, C. J. This action is brought under sec. 35, ch. 22 of 1859, to bar the title of the former owner as against the respondent's tax deeds. The court below refused to allow the amended answers, upon the express ground that the defenses set up did not come within the enumerated defenses of sec. 38, which can be made without deposit of the amount of the tax sale, etc. This appeal is, therefore, embarrassed by no question of discretion.

Section 35 has often been before the court. *Wakeley v. Nicholas*, 16 Wis., 588; *Wilson v. Jarvis*, 19 id., 597; *Smith v. Smith*, id., 615; *Grimmer v. Sumner*, 21 id., 179; *Johnston v. Oshkosh*, id., 186; *Finney v. Ackerman*, id., 268; *Burrows v. Bashford*, 22 id., 103; *Knight v. Barnes*, 25 id., 352; *Truesdell v. Rhodes*, 26 id., 215; *Merton v. Dolphin*, 28 id., 456; *Lybrand v. Haney*, 31 id., 230; *Dayton v. Relf*, 34 id., 86; *Warner v. Trow*, 36 id., 196; *Loomis v. Rice*, 37 id., 262; and doubtless in other cases. It gives the grantee in a tax deed, certainly in some cases, a choice of legal and equitable remedies to enforce his title against the former owner. And sec. 38 limits defenses in the equitable suit

under sec. 35; excluding legal defenses which would be good without condition in an action at law, unless the defendant deposit the amount of the tax sale, interest and cósts.    Upon a hasty examination of the cases, we do not find any sugges- tion of the incongruity of different legal effect of tax deeds in different proceedings to establish them; or discussion of the legislative power to abridge the legal rights of defendants, upon election of plaintiffs to proceed in equity.    Some such doubt would appear to have been in the mind of Mr. Justice COLE, while writing the opinion in *Warner v. Trow, supra,* although not expressed.

We need not consider these difficulties in the present case, because we consider the defenses proposed to be set up as within the spirit of the statute.    It is our duty to give con- struction to a statute, if we can, that it may stand, and if the defenses here were excluded by the statute, a very grave ques- tion of the validity of the statute would arise.

The defense proposed to be introduced appears to go upon the total lawlessness and invalidity of the assessments on which the tax deeds, or some of them, are founded; attacking the assessments by averments which bring them within *Her- sey v. Supervisors,* 37 Wis., 75, and probably within *Marsh v. Supervisors,* decided at the same time with this appeal [*ante,* p. 502].    In the latter case, as indeed in several previous cases cited in it, it is held that, under the constitution, a fair and equal assessment, made in compliance with the statute, can alone support a valid tax; and that without such assessment there can be no tax.

It is not easy to perceive how any court of law or equity could be expected to uphold a tax deed, and to foreclose the right of the true owner against it, where no tax had been levied on the land; or to require payment of a pretended tax, as a condition precedent to the defense that there was no tax to support the alleged tax deed; or to hold any statute author- izing such things a valid enactment.    It is true that such is

not one of the enumerated defenses of sec. 38, which may be made without deposit. But the omission shows that the legislature, in giving the action to the grantee of the tax deed, presupposed a tax to support it. For, without a tax, there cannot properly be a tax deed. Where there is no tax, a paper formally executed in the likeness of one, has, against the true owner, no legal or equitable attribute of a tax deed. And the defense of the proposed answer in this case is admissible, without deposit, not so much because it goes to bring the defendant within sec. 38, as because it goes to take the plaintiff out of sec. 35. To require prepayment of the amount of tax sale, in such a case, would be to create a lien on land, not by a tax, but by a tax sale, where there had been no tax. See *Siegel v. Supervisors*, 26 Wis., 70.

This construction appears to be quite consistent with the views which the court has always taken of the section.

"It is to cut off all merely technical defenses, not going to the groundwork and justice of the proceedings, and to compel payment of taxes in all cases where equity and fair dealing require that they should not be avoided." *Wakeley v. Nicholas; Wilson v. Jarvis; Smith v. Smith; Knight v. Barnes, supra.*

In *Dayton v. Relf, supra,* the defendant set up a widow's unexpired right of redemption, as a defense to an action under sec. 35, without deposit; and this court held the defense to be well taken, although not within the letter of section 38; chiefly on the ground that the section could not cut off a meritorious defense of such a nature.

In order to support the validity of section 35, every defense which goes to the groundwork of the tax must be admitted, without deposit, although not enumerated in sec. 38. Technical defenses only are required to be accompanied by deposit.

*By the Court.* — The order is reversed, and the cause remanded to the court below for further proceedings in conformity with this opinion.