Tierney vs. The Union Lumbering Co., imp.

Tierney vs. The Union Lumbering Company, imp.

Tax Titles: Constitutional Law. *(1) When deposit must be made, in defending against tax title. (2) When assessor, as witness, may impeach assessment.*

1. Sec. 38, ch. 22 of 1859, and any similar provision in a city charter, requiring the original owner of land upon which a tax deed has been issued, to deposit in court the amount of the tax, etc., before he can defend an

action to bar his right to the land, can be sustained as valid only by construing it to apply to defenses based upon mere *irregularities* in the tax proceedings, and not to those which go to the *groundwork* of the tax itself. *Philleo v. Hiles*, 42 Wis., 527, and other cases in this court.

2. The statutory provision (R. S., sec. 1063) disqualifying an assessor from impeaching by his testimony any affidavit made by him as such assessor, cannot apply where he has failed to make any affidavit; and his neglect to verify the assessment roll as required by law is itself fatal, and may be pleaded as a defense to the action above described, without deposit made.

APPEAL from the Circuit Court for *Chippewa* County.

The plaintiff, the grantee named in a tax deed, brought this action to foreclose the claim and interest of the defendants, (the original owners,) in the land described in such deed. The action was brought under section 35, ch. 22, Laws of 1859. The complaint is in the usual form, containing the averments required by the statute. The deed was executed in 1877, pursuant to a sale of the land in 1874 for the unpaid taxes of 1873. The land is situated in the city of Chippewa Falls.

The answer of the defendant alleges, and the uncontradicted evidence proves, that the assessment of all the property in the ward in which the land in question is situated, for the year 1873, was made on the basis of one-third the actual value of such property; and that the assessment roll of such ward for that year was not verified by the affidavit of the assessor.

No deposit was made with the clerk of the court, pursuant to section 38 of the act of 1859, at the time of filing the answer or at any other time.

The circuit judge directed a verdict for the defendant. The plaintiff moved the court to set the same aside, and grant a new trial, on the ground that the verdict was against law and evidence. This appeal is from an order denying that motion.

*Arthur Gough,* for appellant.

For the respondent, there was a brief by *Bingham & Pierce*, and oral argument by *Mr. Bingham.*

LYON, J.   The principal question presented by this appeal is: Was the deposit required by sec. 38, ch. 22, Laws of 1859, essential to the right of the defendant to interpose the defenses stated in the answer?   The judgment of this court in *Philleo v. Hiles*, 42 Wis., 527, resolves this question in the negative. The facts of the two cases are very similar, and the cases are not distinguishable in principle.   The defense proposed in *Philleo v. Hiles*, and the defense proved in this case, go to the very groundwork of the tax proceedings, not upon mere irregularity; and it is settled that to sustain such a defense no deposit is or can be required.   Nothing can profitably be added to what is said on this subject by the chief justice in *Philleo v. Hiles, supra;* in *Marsh v. The Supervisors of Clark County*, 42 Wis., 502; and in *Plumer v. The Supervisors of Marathon County*, 46 Wis., 163.   These cases, and others therein cited, demonstrate the invalidity of assessments made, as was the assessment under consideration, in willful disregard of the uniform rule of the constitution, and also of assessments not verified by the affidavit of the assessor as required by the statute.

It is claimed that the deposit is required by section 18, ch. 8 of the charter of the city of Chippewa Falls.   Laws of 1873, ch. 169, p. 376.   But it is clear that no provision of the charter can operate to require a deposit in a case like this.   The section can be sustained as a valid enactment only as the validity of section 38 of the act of 1859 was upheld; that is, by restricting its operation to cases of mere irregularity.   *Philleo v. Hiles, supra.*

It is assigned as error that the assessor who made the assessment in question, was allowed to testify on the trial that he assessed all the property described in the assessment roll at one-third its actual value.   It is said that this is a violation of

the statute, which provides that "no assessor shall be allowed in any court or place, by his oath or testimony, to contradict or impeach any affidavit or certificate made or signed by him as such assessor." Laws of 1878, ch. 334, sec. 12 (R. S., sec. 1063). We think otherwise. The assessor made no affidavit; hence his testimony did not impeach or contradict his affidavit. But, however this may be, the failure to verify the assessment roll as required by law is of itself fatal to the validity of the tax proceedings which resulted in the tax deed to the plaintiff.

We conclude that the record shows no sufficient reason for setting aside the verdict.

*By the Court.* — Order affirmed.