## CLARKE VS. LINCOLN COUNTY.

### March 15 — April 5, 1882.

*Limitation of Actions: Pleading.* (1) *Action to cancel tax certificate: how limited.* (2) *Reference to statute in demurrer.* (3) *Presumption from complaint as to time of commencing action.*

1. Sec. 7, ch. 334 of 1878, which limited the time for bringing an action to cancel tax certificates *theretofore issued* to nine months from the time when that act took effect, continued applicable to those cases after the enactment of the present revision, though omitted therefrom. [See secs. 4221 and 4976, R. S.]

2. A demurrer and an answer to a complaint in such an action on the ground "that the action was not commenced within the time limited by law by sec. 7 of chap. 334 of the laws of Wisconsin for 1878," *held* to contain a sufficient reference to the statute, under sec. 2651, R. S.

3. Where the original complaint in an action sets forth a fact as having occurred on a specified day, the presumption is that the action was not commenced before that day.

APPEAL from the Circuit Court for *Lincoln* County.

Action to remove a cloud from plaintiff's title to certain lands, by cancelling tax certificates issued upon sales of said lands in 1875 and 1876, for the taxes of 1874 and 1875, upon the ground that the assessments of property for taxation for the years last named, in the towns in which plaintiff's lands were situate, were void. The defendant county demurred to the complaint on the ground that it appeared upon the face thereof that the action was not commenced within the time limited by sec. 7, ch. 334, Laws of 1878. The demurrer was argued before the judge of said circuit court at chambers, and was by him stricken out, apparently on the ground that ch. 334 of 1878 was not in force, and that the demurrer did not refer to any statute limiting the action. The defendant then answered. Upon the trial the court found that the assessments of property for taxation for the years 1874 and 1875, in the several towns in which the lands in question are situate, were void for an intentional non-compliance with the law on

the part of the assessors; and it rendered judgment cancelling the tax certificates in question. The defendant appealed from the judgment.

For the appellant there was a brief by *W. H. Canon*, its attorney, with *Bump & Hetzel* and *P. L. Spooner*, of counsel, and oral argument by *Mr. Hetzel* and *Mr. Spooner*.

For the respondent there was a brief by *Eldred & Grace*, and oral argument by *Charles Barber*.

COLE, C. J. So far as this case is concerned it makes but little difference whether we consider it on the demurrer, or on the answer and the finding of the court. The result will be the same in either view. The action is to cancel tax certificates issued on the sale of plaintiff's lands for taxes, May 11, 1875, and May 9, 1876. In both the demurrer and answer the objection is taken and relied upon, that the action was not commenced within the time limited by section 7, ch. 334, Laws of 1878, and is therefore barred. Under that statute, the time for bringing the action would expire on the 25th of December, 1878, or after the lapse of nine months from the day this statute took effect. There can be no doubt but that this enactment continued in force or was applicable to the case. Indeed, it has in effect been so decided in *Mead v. Nelson*, 52 Wis., 402; *Smith v. Janesville*, id., 680; *Dalrymple v. City of Milwaukee*, 53 id., 178; *Manseau v. Edwards*, id., 457; *Smith v. Sherry*, 50 id., 210. We have said that both the demurrer and answer refer to section 7, chapter 334, as barring the action; and this was undoubtedly a sufficient reference to the statute relied upon as limiting the right to sue.

On the demurrer it is suggested, *non constat* but the action was commenced in time. But the complaint states that by a resolution of the county board, passed March, 1879, the board refused to instruct the county clerk to issue deeds upon these tax certificates. And the counsel for the defendant insists that the only fair inference which can be drawn from this allegation

in the complaint is, that the action was certainly not commenced until after the passage of this resolution. It is undoubtedly correct to say that when in a pleading any fact is set forth as having occurred at a specified time, the presumption is that the action was not commenced until after that time. Therefore, we are inclined to hold that it did sufficiently appear upon the face of the complaint that the action was barred, so that the objection could be taken on demurrer. But, however that may be, it was stipulated that the action was in fact commenced by service of summons on the county clerk on the 11th of March, 1879, and that this stipulation should become a part of the record proper, and be considered by this court.

The learned counsel who argued the case for the plaintiff in this court was candid enough to admit that the judgment was indefensible and must be reversed. There can be no doubt that this admission was not improvidently made, in view of the acts of the legislature and the decisions of this court upon them. The learned circuit court erred in cancelling the tax certificates and granting the plaintiff the relief asked.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded with directions to dismiss the complaint.