PRENTICE vs. ASHLAND COUNTY, imp.

*November 27 — December 12, 1882.*

*(1) Presumption from complaint as to time of commencing action. (2) Limitation of action to cancel tax certificate: "Assessment," in statute, defined.*

1. Where the complaint alleges that an act was done on a certain day, it must be presumed that the action was commenced after that day.
2. The word "assessment" in sec. 3, ch. 309, Laws of 1880 (which provides that "every action or proceeding to set aside any sale of land for the nonpayment of taxes . . . for any error or defect, going to the validity of the *assessment,* and affecting the groundwork of such tax, shall be commenced within one year," etc.), goes to the whole statutory method of imposing taxes upon property. [Whether the error or defect must go not only to the validity of the assessment but also to the groundwork of the tax, not determined.]

APPEAL from the Circuit Court for *Ashland* County.

The case is thus stated by Mr. Justice CASSODAY:

" This is an action brought by the owner of the land for the cancellation, and having declared null and void, certain tax certificates, and to restrain the county clerk from advertising the lots described for tax deeds, and for a perpetual injunction from executing tax deeds to any person or persons

on said tax certificates. The county and the clerk joined in demurring to the complaint, for the reason that it did not appear upon the face thereof that the action was commenced within the time limited by law, to wit, sec. 3, ch. 309, Laws of 1880. The court overruled the demurrer, and from the order entered thereon this appeal is brought."

For the appellant the cause was submitted on the briefs of *J. J. Miles*, as attorney, and *Wm. F. Vilas*, of counsel.

*W. M. Tompkins*, for the respondent.

CASSODAY, J. Sec. 3, ch. 309, Laws of 1880, provides that " every action or proceeding to set aside any sale of land for the nonpayment of taxes, or to cancel any tax certificate, or to restrain the issuing of any tax certificate or tax deed, for any error or defect, going to the validity of the assessment, and affecting the groundwork of such tax, shall be commenced within one year from the date of such tax sale, and not thereafter: *provided,* that in case of sales for the nonpayment of taxes made prior to the taking effect of this act, the action, if not already barred, must be commenced within one year after this act takes effect, and not thereafter." This section went into effect March 26, 1880. It appears from the complaint that the certificates in question were issued upon a sale made May 13, 1879, for taxes assessed in the year 1878, and were sold and assigned to the defendant Abbot, May 10, 1881. The complaint having thus alleged the sale and assignment to Abbot, May 10, 1881, it must be presumed that the action was commenced after that date. *Clark v. Lincoln Co.,* 54 Wis., 578; *George v. Railway Co.,* 51 Wis., 603. This being so, it follows that the action was not commenced until nearly two years after the sale, and more than thirteen months after the statute in question went into effect. There can be no question but what the statute is properly pleaded, within the meaning of subd. 7, sec. 2649, and sec. 2651, R. S. *George v. Railway Co., supra.*

Richardson vs. The Chicago & Northwestern R'y Co.

The only remaining question is whether the statute pleaded is a bar to the action. The contention is that it only bars an action based on an " error or defect going to the validity of the assessment, and affecting the groundwork of such tax," and it is claimed that several defects are stated in the complaint which do go to the groundwork of the tax, but which do not in any way involve the validity of the assessment. Without going into any discussion as to the etymology of the language employed, or whether the error or defect must go, not only to the validity of the assessment, but also to the groundwork of the tax, we are clearly of the opinion that the word " assessment," as here used, goes to the whole statutory method of imposing taxes upon property. This being the meaning, we must hold that the errors or defects here complained of do go to the validity of the assessment, and also affect the groundwork of the tax.

*By the Court.*— The order of the circuit court is reversed and the cause is remanded for further proceedings according to law.