63 205
101 55

Ruggles, Appellant, vs. Fond du Lac County, imp., Respondent.

*April 8 — April 28, 1885.*

*Tax titles — Limitation of actions — Pleading.*

1. If property sold for taxes was subject to taxation at the time such taxes were levied, and if they were within the jurisdiction of the constituted authorities of the municipality levying them, and if the taxes levied, or some part of them, were such as might properly be levied upon such property, then all questions of unequal apportionment arising out of unjust or unequal valuations of property by assessors or other officers authorized to make such apportionment, and all irregularities or omissions in the levy and collection, are cured and the proceedings are validated, unless inquired into by the commencement of an action for that purpose within the time limited by law.

2. An answer stating that the action was not brought within the time limited by law, and that more than a year had elapsed since the date of the tax sale mentioned in the complaint, is *held* sufficient to enable the defendant to avail himself of sec. 3, ch. 309, Laws of 1880, as a bar to the action.

APPEAL from the Circuit Court for *Fond du Lac* County. The facts, so far as they are essential to an understanding of the points decided, are stated in the opinion.

*Edw. S. Bragg*, of counsel, for the appellant.

For the respondent there was a brief by *Spence & Hiner*, and oral argument by *Mr. Spence*.

TAYLOR, J.    This action was brought by the appellant to set aside a tax sale, and the certificates issued thereon, made by the county treasurer of Fond du Lac county on the 11th day of May, 1880, and to restrain the issuing of any tax deeds thereon.    The action was commenced more than one year after the said tax sale and the date of the tax certificates.

The complaint shows that the taxes levied and assessed upon the property described in the complaint in the years 1876, 1877, and 1878, were not paid by the plaintiff, or by any one on his behalf; that they were returned delinquent, and the land sold for unpaid taxes in each of said years; that on or about November, 1878, the plaintiff commenced actions to set aside the tax sales for said years, and, after the commencement of said actions, the county board of supervisors canceled the said certificates issued on such tax sales; that, after such cancellation, the county board of supervisors of Fond du Lac county, on the 31st of December, 1878, ordered the amount of the taxes for said years to be reassessed upon the lands against which they were originally assessed.    It appears, however, that nothing was done under this order; and at the session of the said county board of supervisors for the year 1879, that board made another order directing the unpaid taxes for the years 1876, 1877, and 1878 to be reassessed upon the lots to which they were originally assessed.    Under this order some attempt was made to reassess these taxes upon the property described in the complaint; and in the assessment roll of the city of Fond du Lac, for the year 1879, these taxes were entered as chargeable to the lands in a separate column of the tax roll.    The legitimate taxes for the year 1879 were

paid by the plaintiff, and a receipt taken therefor; but the reassessed taxes for 1876, 1877, and 1878 were not paid, or any part thereof, and the tax sales made in 1880 were made on account of the nonpayment of these reassessed taxes. For a particular statement of what was done by the taxing authorities, reference must be made to the findings of the circuit court as shown in the record.

One thing is admitted by the complaint, viz., that the taxes properly chargeable to the plaintiff's property for the years 1876, 1877, and 1878 have never been paid; and it further appears, by the complaint, answer, and proofs in the case, that an attempt was made by the proper authorities of the county and city to reassess these taxes upon said lands in the year 1879, and that, for the nonpayment of such taxes so attempted to be reassessed, the tax sales were made which the plaintiff now seeks to set aside. The circuit judge having found these facts, and having also held that the statute of limitations prescribed by sec. 3, ch. 309, Laws of 1880, was sufficiently pleaded by the answer of the defendants, held that the action of the plaintiff was barred by that statute.

The merits of the reassessment of the taxes under the proceedings in this case were fully considered by this court in the case of *Bass v. Fond du Lac Co.* 60 Wis. 516; and it was held that a bill in equity could not be sustained to set aside the reassessed taxes in that case upon the evidence then before the court. It is probable that there are features in the case at bar which distinguish this case from the one above cited, and that case may not, therefore, be conclusive, as we think it is not, of the right of the parties in this case upon its merits; and in affirming this judgment we base our decision upon the same ground that the circuit court did, viz., that the plaintiff's right is barred by the statute of limitations. The policy of this state has been from the beginning to compel tax-payers who neglect to pay taxes, to

proceed with promptness if they desire to contest the validity of a tax sale or tax deed by bringing an action at law or in equity for that purpose. Previous to 1878 the time limited for bringing such action was a certain number of years after the date or recording of the tax deed. In 1878 it was enacted that as to certain tax proceedings and tax sales no action should be maintained to set aside the tax sale or enjoin the issuing of a tax deed unless brought within nine months after the tax sale or the date of the tax certificate (see sec. 1210e, R. S. 1878); and in 1880, by ch. 309, sec. 3, it was enacted as follows: "Every action or proceeding to set aside any sale of lands for the nonpayment of taxes, or to cancel any tax certificate, or to restrain the issuing of any tax certificate or tax deed for any error or defect going to the validity of the assessment and affecting the groundwork of such tax, shall be commenced within one year from the date of such sale, and not thereafter: *provided*, that in case of sales for the nonpayment of taxes made prior to the taking effect of this act, the action, if not already barred, must be commenced within one year after this act takes effect, and not thereafter." This section is the statute of limitations pleaded by the defendants in their answer in the case at bar.

It was earnestly insisted by the learned counsel for the appellant that the answer did not set up this statute of limitation. Under the present rules for pleadings, no particular form is necessary; and if the facts stated show that the action was barred by this section, it is sufficient. *Howell v. Howell*, 15 Wis. 55; *Whitney v. Marshall*, 17 Wis. 174. The answer states that the action was not brought within the time required by law, and that more than one year has elapsed since the date of said tax sale mentioned in the complaint. This last statement clearly points the plaintiff to the statute which the defendant intends to rely upon as a bar to his action, and although it does not allege in form

that more than one year had elapsed since the sale and before the commencement of the action, it is clear the plaintiff could not have been misled by this omission; and, having failed to demur to the answer, we think the learned circuit judge was right in holding the statute sufficiently pleaded. *Clarke v. Lincoln Co.* 54 Wis. 578, 580; and cases above cited. The plaintiff's action not having been brought within the time limited by law, it is clear to us that he is not entitled to maintain the same, either upon the allegations of the complaint or upon the proofs in the case. The statute of limitations cures all irregularities in the tax proceedings, either affecting the groundwork of the tax or otherwise.

When it appears that the property sold for the nonpayment of taxes was subject to taxation at the time it is claimed the taxes were levied thereon; that they are within the jurisdiction of the constituted authorities of the municipality attempting to levy the same; and when the taxes attempted to be levied, or some part thereof, are such as might by law be properly levied upon such property,— then all questions of unequal apportionment arising out of unjust or unequal valuations of property by assessors or other officers authorized to make such apportionment, and all irregularities or omissions of the officers in their attempts to levy and collect the same, are cured, and the proceedings are validated, unless inquired into by the commencement of an action for that purpose within the time limited by law. This, we think, is the effect of the numerous decisions of this court upon similar statutes of limitation. *Edgerton v. Bird,* 6 Wis. 527; *Sprecher v. Wakeley,* 11 Wis. 432; *Knox v. Cleveland,* 13 Wis. 245; *Howell v. Howell,* 15 Wis. 55; *Parish v. Eager,* 15 Wis. 532; *Whitney v. Marshall,* 17 Wis. 174; *Smith v. Cleveland,* 17 Wis. 556; *Smith v. Smith,* 19 Wis. 103; *Woodbury v. Shackleford,* 19 Wis. 55; *Huey v. Van Wie,* 23 Wis. 613; *Lindsay v. Fay,*

28 Wis. 177; *Lybrand v. Haney*, 31 Wis. 230; *Oconto Co. v. Jerrard*, 46 Wis. 317; *Plumer v. Supervisors*, 46 Wis. 163; *Milledge v. Coleman*, 47 Wis. 184; *Mead v. Nelson*, 52 Wis. 402; *Manseau v. Edwards*, 53 Wis. 457; *Dalrymple v. Milwaukee*, 53 Wis. 178; *Clarke v. Lincoln Co.* 54 Wis. 578, 580; *Smith v. Sherry*, 54 Wis. 114; *Prentice v. Ashland Co.* 56 Wis. 345; *Dreutzer v. Smith*, 56 Wis. 292; *Morgan v. Bishop*, 61 Wis. 413.

No judge of this court has spoken with such denunciation of the injustice, illegality, and nullity of the proceeding of the taxing officers in attempting to fix a tax upon the property of the citizen by unauthorized and illegal proceeding as the late learned Chief Justice RYAN; and yet he was equally decided in holding that, when the citizen failed to seek his remedy by commencing an action to set aside or restrain the further prosecution of such unlawful proceedings on the part of such officers within the time prescribed by law, he could have no relief. In the case of *Oconto Co. v. Jerrard, supra,* after quoting the strong language used by himself in the cases of *Marsh v. Supervisors,* 42 Wis. 502, and *Philleo v. Hiles,* 42 Wis. 527, he says: " Strong as this language is, it would have been true of the tax deed in question, and would be true still, were the validity of the tax deed an open question. But these things were said in the one case of a tax proceeding which had not matured in a deed, and in the other of a tax deed upon which the statute had not run. The former was a proceeding to enjoin a tax deed, and the latter to foreclose a tax deed. In both, the validity of the tax proceeding was open to inquiry, was the precise subject of litigation. There was no bar to the inquiry. The rights of the parties rested on their intrinsic validity, wholly unaffected by the time of the litigation. The language of the court applies to the circumstances and conditions of the questions in litigation. Here the question is, whether the respondents have not suffered

the time to pass, within which they had the right to scrutinize the tax proceeding, or to raise such objections to the tax deed, or to apply such language to either; whether the statute has not closed their mouths forever, absolved the tax proceeding from all such errors, established the tax deed beyond impeachment, and barred the better title in favor of the worse, according to the operation of all statutes of limitation affecting the title to realty." Further along in the opinion he quotes with approval the following language of Chief Justice Dixon in *Knox v. Cleveland*, 13 Wis. 245, "that the only condition of things to which the statute will not apply is want of authority *ab initio* of the taxing officers to put the taxing power in motion." "The general authority of the taxing officers and the liability of the land to taxation being conceded, all other questions are at an end. If either of them were wanting, another question would be presented. It might then be urged that there was a defect of jurisdiction; that the sale was altogether unauthorized and void, and passed no title, or color of title, and furnished nothing on which the statutory bar could operate."

It is urged by the learned counsel for the appellant in the case that it is apparent that the amount of taxes originally levied upon the lands of the appellant were greatly in excess of the sum with which they were justly chargeable, and that the arbitrary order of the county board directing the reassessment of the whole amount of the original tax upon the same lands was grossly inequitable and unjust. For the purposes of this case, the fact, as stated by the learned counsel, may be admitted; but the charging of the plaintiff's land with more than his just share of the taxes, or even including with the legal taxes an amount which is wholly unauthorized by law, does not prevent the statute of limitations from running in favor of a sale for taxes including such excessive amount, or such illegal addition to

the lawful taxes. See *Huey v. Van Wie* and *Milledge v. Coleman, supra.* The cases are directly in point, and both are clearly against the contention of the counsel for the appellant. The plaintiff's action was clearly barred by the statute of 1880, and the circuit court very properly entered judgment against the plaintiff.

*By the Court.*— The judgment of the circuit court is affirmed.