GAASTRA, Appellant, vs. CITY OF KENOSHA and another,.
imp., Respondents.

*March 17—April 5, 1911.*

*Limitation of actions: Tax proceedings: Power of legislature: Munici-
pal corporations: Special assessments: Action to set aside: Es-
toppel.*

1. The legislature has power to limit the time within which a party
   may attack a tax proceeding.
2. An action to set aside special assessments for street improve-
   ments, to restrain their collection, and for cancellation of. the
   improvement bonds, upon the ground that through default of
   the city officers the work had not been done in accordance with
   the plans and specifications and the contract, and because plaint-
   iff was not given an opportunity to do the work himself pursu-
   ant to the city charter, is subject to the limitation prescribed in
   sec. 925—197, Stats. (1898).
[3. Whether in such an action the complaint stated facts which would.
   entitle plaintiff to relief if the action were not barred, or showed
   an estoppel of plaintiff by his acquiescence in the doing of the
   work, not determined.]

'APPEAL from orders of the circuit court for Kenosha
county:. E. B. BELDEN, Circuit Judge. *Affirmed.*

This is an action to set aside certain special assessments.
for street improvements and to restrain their enforcement and
collection, and for the surrender and cancellation of the pav-
ing bonds issued pursuant to an assessment of benefits.

The curbing, paving, and improvement of Crate street in
the city of *Kenosha* was begun and completed in 1907. The
improvement was ordered by the common council upon the
petition of the owners of more than one half of the frontage
of the lots upon the portion which it proposed to improve.
The appellant is the owner of about twenty lots on this por-
tion of the street and was one of the petitioners. The con-
tract was awarded to the defendant *John O. Jones* and was
completed under the supervision of a city inspector. The

common council had determined the amount of benefits on account of the improvement to be paid by the real estate and had served notice of the proposed bond issue for the amounts charged against the real estate. The work was accepted by the city and paving bonds were issued to the contractor for the unpaid assessments. The plaintiff had given notice protesting against the assessment and bond issue and refused to pay the special assessments against his lots for this improvement, and they were returned to the county treasurer as delinquent taxes. Prior to the delinquent tax sale day, set for May 16, 1909, the plaintiff instituted this action and obtained a preliminary injunctional order enjoining the county treasurer from selling the plaintiff's property for the delinquent taxes based upon the special assessment for this improvement.

The complaint alleges that the work was not done in accordance with the contract and specifies the main particulars in which the work is defective, stating that no sand was placed either at the bottom or back of the curbing, as provided by the contract; that the curbing was improperly set, did not stay in place, that the line of it was rough and uneven and did not hold the pavement properly in place; and that the crushed stone and sand foundation for the brick pavement was greatly deficient in quantity and was not of eight inches of crushed stone and one inch of sand, the amounts provided by the contract. It is also alleged that the price for the work done was excessive. The plaintiff alleges his willingness to pay his just share of the reasonable value of the work actually done, in case of a reassessment, or to pay the assessments against his lots when the work is completed according to the contract. The plaintiff also complains because no opportunity was given him to do the work himself pursuant to the terms of the city charter.

The court sustained demurrers to the complaint and to the amended complaint. The county of Kenosha and the county

treasurer did not answer. The demurrers to the second amended complaint were sustained on the ground that the facts alleged showed that the plaintiff was estopped from invoking the equitable relief prayed for because he had acquiesced in the doing of the work by the city and on the ground that the statute of limitation had run against the enforcement of a cause of action of the nature relied on by the plaintiff under the facts stipulated into the complaint. The court also ordered that the preliminary injunction restraining the sale of the lots for delinquent taxes should be set aside and dissolved.

After the decision of the court sustaining the demurrers the defendant city moved that the action be dismissed because the action was not begun within the time limited by sec. 925—197, Stats. (1898). It was orally stipulated in open court by the counsel for the respective parties that the complaint should be deemed amended so as to allege that the action was not commenced until more than seventeen months after the expiration of thirty days from the date of the notice prescribed by sec. 925—191, Stats. (1898). This stipulation was reaffirmed in this court upon the argument and is to be treated as a part of the record. The court found that the action was not commenced within the period limited by sec. 925—197, and ordered the complaint dismissed. This is an appeal from the orders sustaining the demurrers and dismissing the complaint.

*Henry J. Hastings,* for the appellant.

For the respondents there was a brief signed by *John C. Slater* and *Calvin Stewart,* attorneys for the city of *Kenosha,* and by *Palmer & Gittings,* attorneys for *John O. Jones,* and oral argument by *Mr. Slater.*

SIEBECKER, J. The allegations of the complaint do not set forth any grievance of the plaintiff pertaining to irregularities in the proceedings taken by the common council in

the final determination of the benefits to be paid by the real estate on account of the improvement, and hence no question arises as to the council's failure to comply with the calls of the statute respecting the proceedings authorizing the improvement and making the assessment of the benefits thereof to be paid by the real estate liable therefor. The allegations of the complaint aver that the city officers were in default through their failure to enforce the terms and conditions of the contract for the improvement provided and required by the plans and specifications for the improvement as adopted by the common council. In effect the claim of the plaintiff is that the city officers fraudulently omitted in several particulars to require the contractor to furnish the improvements called for by the plans and specifications so adopted by the common council and contracted to be furnished. The two material defaults of the city on which the appellant lays stress are that the contractor failed to construct the curbing and to provide the crushed stone and sand foundation for the brick pavement, as required by the plans and specifications and the contract, and that the city through its officers wrongfully accepted the imperfect and incomplete work, which so failed to comply with the specifications for the improvement as contracted for, and thus the default on the part of the city authorities operated to charge as the costs of the improvement work and material not furnished by the contractor; such amounts being wrongfully included as benefits on account of such improvement by assessing them against the real estate owned by the plaintiff. The trial court held that the plaintiff was estopped from obtaining relief by his silence and acquiescence in permitting the city and the contractor to proceed with the improvement as they did, thereby inducing both the city and the contractor to believe that it was satisfactory to him; and the court furthermore found that if the plaintiff had stated facts sufficient for relief the action was barred by the limitations prescribed by sec. 925—197, Stats. (1898).

As we view the case we need not determine whether or not the trial court ruled correctly in holding that the plaintiff was precluded by his conduct from prosecuting the action.

From the facts stated in the complaint as amended it appears that seventeen months intervened between the end of the thirty-day period limited by the city improvement notice provided for by sec. 925—191, and the date of the commencement of the action. Sec. 925—197 provides:

"Every action or proceeding to avoid any of the special assessments or taxes levied pursuant to the same, or to restrain the levy of such taxes or the sale of lands for the nonpayment of such taxes, shall be brought within nine months from the end of the period of thirty days limited by the city improvement notice provided for by sec. 925—191, and not thereafter. . . ."

The only cases excepted from this limitation are those "where the lands are not liable to the assessment, or the city has no power to make any such assessment, or the amount of the assessment has been paid or a redemption made." Assuming but not deciding that the facts alleged in the complaint constitute a cause of action, it is obvious that the complaint would still state no cause of action within any of these exceptions to this section of the statute. It is not questioned but that the lands are liable for taxation for street improvements authorized by law if properly ordered by the common council of the city pursuant to the powers conferred on it. It appears that the proceedings of the common council in ordering this improvement were within its jurisdiction. The plaintiff in his complaint concedes this, but proceeds to assail and impeach the taxes for the default of the common council to properly execute the contract for the improvement. The question, under the facts stated, is whether the plaintiff is in a position to attack the proceedings, in the light of the provisions of sec. 925—197, Stats. (1898). The right of the legislature to limit the time within which a party may at-

tack a tax proceeding is well recognized and established. *Ruggles v. Fond du Lac Co.* 63 Wis. 205, 23 N. W. 416, and cases there cited. The intent of the statute in question is expressed by its context, declaring that "this limitation shall cure all defects in the proceedings, and defects of power on the part of the officers making the assessment," excepting therefrom only those cases specifically enumerated and heretofore noted. We are persuaded that the facts alleged in the amended complaint clearly show that the plaintiff has suffered the time to pass within which he can commence an action for the relief he seeks in this suit. The provisions of sec. 925—197 limit the time to nine months from the end of the period of thirty days of the city improvement notice. This action was not commenced until seventeen months after the expiration of such thirty-day period, and hence the limitation of sec. 925—197 became operative before the plaintiff commenced this action. He is therefore barred from maintaining the same.

As heretofore indicated, the question of whether or not the complaint stated sufficient facts to constitute a cause of action is not discussed or considered nor determined and decided. For the purpose of determining whether or not such an action as plaintiff claims to have alleged is barred by the limitations of sec. 925—197 we have assumed that the complaint states such a cause of action.

*By the Court.*—The orders sustaining the demurrer to the complaint are affirmed, and the cause is remanded with directions to award judgment of dismissal of the action.