## KIMBALL VS. BALLARD.

Where lands were sold at a tax sale for *an illegal excess* of five per cent. above the amount of taxes and charges for which they were liable to be sold, the sale was *void*.

The owner may maintain an action to remove the cloud upon his title created by a tax deed based on such sale, on tendering the amount for which the land should have been sold, with interest at *seven* per cent.

APPEAL from the Circuit Court for *Outagamie* County.

Action commenced September 14th, 1864, to have a tax deed declared void, and defendant adjudged to release his claim to the land covered thereby. The sale was made in 1860, as for the taxes of 1859, and the deed executed September 12th, 1864. The complaint alleges that the amount for which the land was sold was $73.75, while the total amount of taxes of said year, with five per cent. fees for collecting the same, and all costs and charges due at the time of the sale, was only $70.28. It further alleges that the county treasurer, at the time of such sale, "added to the taxes assessed against said land the interest due thereon, and all the costs for advertising and sale of same, and then added five per cent. upon the total amount thereof, wilfully and without any right or authority of law, which taxes, costs, charges and additions, made the amount for which said land was sold and conveyed" as before set forth. The complaint then avers a tender by plaintiff to defendant, on the 10th of September, 1864, of $92, to pay the amount of said taxes, with costs and charges, and interest to the date of such tender, which defendant refused; also a tender on the 14th of the same month of the amount of said taxes, with costs, charges and interest to that date, with three dollars in payment for the tax deed, which defendant had then taken, and charges thereon, and for stamp and charges on a deed of release which plaintiff tendered to him ready for execution and demanded that he should execute, but which defendant refused to execute.—The defendant demurred to the complaint as not stating a cause of action; and from an order sustaining the demurrer the plaintiff appealed.

*W. S. Warner*, for appellant, cited *Weeks v. The City of Milwaukee*, 10 Wis., 242; *Lumsden v. Cross*, id., 282; *Dean v. The City of Madison*, 9 id., 402; *Knowlton v. Sup'rs Rock Co.*, id., 410; *Hersey v. Sup'rs Milwaukee Co.*, 16 id., 185; Blackwell on Tax Titles (2d ed.), 34, 35, 39, 40, 51–53, 159–163; Laws of 1859, ch. 22, sec. 27.

*Anson Ballard*, in person :

The $92 tendered is the exact amount of $70.28 with *seven* per cent. interest from the day of sale to the day of tender. The county treasurer stood ready to pay the defendant $96.54, being the amount for which the land was sold and interest. Sec. 26, ch. 22, Laws of 1859. The plaintiff should have tendered the defendant the just amount of sale ($70.28) and interest thereon at twenty-five per cent., to give him a standing in a court of equity. R. S., ch., 18, sec. 114; Blackwell on Tax Titles, ch. 34, p. 574, old ed.; *Dudley v. Little*, 2 Ham., 509; *Gillett v. Webster*, 15 Ohio, 623.

*By the Court*, DOWNER, J.  The complaint alleges that the county treasurer, at the time he made the sale of the land described in the complaint, "added to the taxes assessed against said land the interest due thereon and all of the costs for the advertising and sale of the same, and then added thereto five per cent. upon the total amount thereof, wilfully and without any right and authority of law." The adding of the five per cent. is conceded to have been illegal, and he sold the land for the entire amount, including the five per cent., being an excess over lawful taxes of $3.47. Such sale was void. *Lacy v. Davis*, 4 Mich., 140; *Kemper v. McClelland's Lessee*, 19 Ohio, 308; *Mills v. Johnson*, 17 Wis., 603; *Hersey v. Supervisors of Mil. Co.*, 16 Wis., 185; *Lefferts v. Supervisors of Calumet Co.*, (unreported.)

The tender of the amount of legal taxes and *seven* per cent. interest thereon, was sufficient to entitle the plaintiff to bring this suit to cancel the deed. The defendant contends he should have tendered twenty-five per cent. interest instead of seven. The authorities he cites do not warrant the conclusion he draws from them. They are cases where the sale was *voidable* only, and not void. The respondent insists that the tender was not equal to the amount the clerk of the board of supervisors would have paid him on surrendering the deed for cancellation.

There is no reason why it should be. If he had taken the amount tendered, the county would still have remained liable to him for the three dollars and forty-seven cents excess, and interest thereon.

The demurrer to the complaint should have been overruled; and the order of the court below sustaining it is reversed, with costs.