Pierce vs. Schutt.

***

# PIERCE VS. SCHUTT.

*Tax sale avoided for illegal excess—Conditions of equitable relief—Costs, where amount due not tendered.*

1. Where a county treasurer sold land for five per cent. in excess of the tax and interest and all charges legally due upon the land: *Held,* that the owner was entitled to a judgment avoiding the sale and deed on paying the amount actually due at the time of sale, with interest at seven per cent.

2. A failure of the owner in such a case to tender the amount due before bringing his action, would only affect the question of costs. The court might, as a condition of the relief granted, require him to pay such costs as might seem equitable under the circumstances.

APPEAL from the Circuit Court for *Outagamie* County.

Action to bar the defendant of all title to and interest in certain land under a tax deed, and compel him to release his claim thereto, and to have the tax deed declared void, &c. It is alleged in the complaint, among other things, "that the tax on which said land was sold, was, including fees, interest and *all lawful charges up to the hour of sale*, the sum of $22.91 ; that the said county treasurer, *without authority of law*, demanded an additional sum of one dollar and twenty cents, being five per cent. on the original tax, interest and charges ; that said land should have been sold for only the sum of $22.91, instead of the sum of $24.11, for which last mentioned sum it was so sold, * * * but without authority of law," &c. The defendant demurred on the grounds that there was a defect of parties defendant, and that the complaint did not state facts sufficient to constitute a cause of action ; and appealed from an order overruling the demurrer.

*Anson Ballard*, for appellant :

Before the plaintiff can maintain his action, he must pay or tender the amount justly due. 1 Story's Eq. Jur., § 64 e. The defendant was not in fault, and should have had an opportunity of releasing the land without being subjected to a bill of costs. To be entitled to the assistance of a court of equity, the party applying must show that he is in danger of losing a substantial right, and *that he is in no fault. Warden v. Sup'rs &c.*, 14 Wis., 618; *Stokes v. Knarr*, 11 id., 389 ; *Millimore v. Sup'rs &c.*, 15 id., 9.

*Hudd & Wigman*, for respondent.

COLE, J. In the cases of *Kimball v. Ballard* and *Warner v. Supervisors of Outagamie County* [19 Wis., 601, 611], we held that where a county treasurer added an excess of five per cent. to the taxes, interest and costs justly chargeable to the land, and sold the property for the entire amount, the sale was void on account of such excess. This ruling disposes of this appeal,

for it appears from the complaint that the treasurer unlawfully added the sum of $1.20, being five per cent. excess, to the original tax, interest and charges, as in the above cases. The plaintiff is entitled to the relief demanded in the complaint upon paying the amount of legal taxes and charges against the land, with seven per cent. interest. *Mills v. Johnson*, 17 Wis., 598; *Kimball v. Ballard, supra.*

It is objected that before the plaintiff could maintain his action he must pay or offer to pay the amount justly due. A failure, however, to make such a tender could only go to the question of costs. The matter of costs in these cases rests very much in the discretion of the court; and it could, as one condition to the relief granted, require the plaintiff to pay such costs as might seem equitable under all the circumstances.

*By the Court.*—The order overruling the demurrer is affirmed.