33 445
93 465

## BARDEN VS. SUPERVISORS OF COLUMBIA COUNTY.

CONSTITUTIONAL LAW: *Revenue stamp on tax deed — Power of state legislature — Effect on tax sale — Liability of county to refund.*

1. Congress cannot impose a tax upon a certificate of a sale of land for taxes, issued by state authority, by requiring a revenue stamp to be affixed thereto. *Delorme v. Ferk,* 24 Wis., 201, and other cases in this court.
2. Whether it is competent for a state legislature to give validity to a provision in an act of congress, by the terms of which a tax is imposed upon an instrument employed by the state in exercising its essential functions of government, is not here decided.
3. It was not the intention of the legislature of this state, in passing ch. 159, Laws of 1863, to give to the act of congress imposing a stamp duty on a tax certificate any greater force than it would otherwise have.
4. Where the sum of five cents for a United States revenue stamp upon the certificate of sale was included in the amount for which the land described in such certificate was sold (in addition to the unpaid tax, interest and all other legal charges), this *rendered the sale void.*
5. The county is liable (under sec. 26, ch. 22, Laws of 1859) to refund to the purchaser at a void tax sale the amount paid for the certificate, with legal interest. And the fact that by the subsequent provisions of said chapter he might take a tax deed on such certificate, and bring an action to bar the original owner, in which he could recover either the land or all the taxes paid by him, with interest at a high rate, does not prevent his reclaiming the money from the county.

APPEAL from the Circuit Court for *Columbia* County.

This action was brought under sec. 26, ch. 22, Laws of 1859, to recover of the county the amount paid by plaintiff on certain tax certificates, with interest. Plaintiff had filed with the clerk of the county board of supervisors, his claim for the amount paid by him at two tax sales, upon the ground, among others, that each of the sales was invalid because a five cent U. S. revenue stamp had been included in the amount for which each tract was sold. The board refused to allow the claim, and from its decision plaintiff appealed to the circuit court, under the provisions of ch. 13, R. S., and the acts amendatory thereof. The circuit court found that the tax certificates bore a revenue stamp of five cents each, and that this sum was included in the amount for which each tract was sold; that these amounts were in addition to the tax returned, interest, advertising fee, certificates and all other legal charges, and were entered upon the books of the office as a part of the amount to be paid to make redemption. As a conclusion of law, the court found that the sales were illegal and void, and that the county was liable to repay the amount. Judgment for plaintiff accordingly; from which defendant appealed.

*Emmons Taylor*, for appellant:

The certificate entitles the holder to a deed, and the deed entitles the grantee to recover, in an action to bar the owner, either the land itself, or all taxes paid, with a high rate of interest. The law allowing this right of action enters into the contract of sale. Hence the holder of the tax certificates was not entitled to recover back his money from the county, unless the errors were such as would bar him from recovering the land or the money in an action to quiet title. The second section of the act of 1863 (Laws of 1863, ch. 159, sec. 2) clearly recognizes the necessity of affixing a stamp to certificates of sale of land sold for taxes. It is true, the language used is, "all stamps required by the laws of the United States to be affixed to the certificate of sale of any land

Barden vs. Supervisors of Columbia County.

sold for taxes." But when the act says that the cost of such stamps shall be a lien, and that the treasurer shall include the same in the amount for which the land is sold, it declares in effect that such stamps are required on the certificates by the laws of the United States, and commands obedience to that requirement.

*G. C. Prentiss*, for respondent, to the point that congress had no constitutional power, without the assent of the states, to tax the means devised by the states for collecting their own revenue, cited *Jones v. The Estate of Keep*, 19 Wis., 369; *Sayles v. Davis*, 22 Wis., 225. To the point that ch. 159, Laws of 1863, was not an assent by the state to the stamp act of congress of 1863, counsel cited *Delorme v. Ferk*, 24 Wis., 201.

COLE, J. In this case the circuit court found as a fact established by the evidence, that the sum of five cents for each tax certificate was included in the amount for which the land described in such certificate was sold, and that this was in addition to the tax returned, interest, and all other legal charges. And one of the principal questions for our consideration is, Did this addition of five cents, for a United States revenue stamp, to the taxes for which the lands could properly be sold, render the sales illegal and void? We think this question must be answered in the affirmative. In the cases of *Jones v. The Estate of Keep*, 19 Wis., 369; *Sayles v. Davis*, 22 id., 222; and *Delorme v. Ferk*, 24 id., 201, this court decided that congress had no constitutional power to impose a tax upon the means or instrumentalities employed by the states for the exercise of their essential functions of government; that congress could not tax the process of a state court, nor require a tax deed to be stamped to render it valid. It follows of course from this doctrine, that congress could not impose a tax upon a tax certificate issued by state authority at a tax sale. And it further results from the decisions in *Kimball v. Ballard*, 19 Wis., 601; *Warner v. Supervisors*, id., 611; and *Pierce v. Schutt*,

20 Wis., 424, that including five cents for a revenue stamp in the amount for which the lands were sold, rendered the sales void.

Both sales were made and the tax certificates issued after ch. 159, Laws of 1863, took effect; and it is said, even if congress had no authority without the consent of the state to impose a tax upon a certificate issued at a tax sale, it may do so with the concurrent action of the state. The only objection to the imposition of a stamp duty by congress upon instruments of this kind, it is said, is, that it might impede the state in the collection of its revenues; and if the state consents that the stamp duty may be imposed upon tax certificates, does not this render the imposition valid?

The question was stated by Mr. Justice PAINE in delivering the opinion of the court in *Delorme v. Ferk*, whether it would be competent for a state legislature to give any additional validity to a stamp tax imposed directly by the federal government and payable into its treasury? It did not become necessary to decide the interesting question in that case, nor do we find it necessary to pass upon it now. That it is not one free from difficulty, will be seen upon a little examination and reflection. Suppose a state legislature should attempt to subordinate its powers as a state to the will of congress, could it thus abdicate its authority? Or suppose, what has already happened, that congress should again impose a tax upon the salaries of the judicial and administrative officers of the states, and the state legislatures should consent to the imposition. Would this validate the tax? It seems to us it would be rather dangerous doctrine to so affirm. But no matter. We do not think the legislature, in enacting the law of 1863, did intend "to supply any invalidity in the laws of congress" in imposing a stamp duty on a tax certificate, "or to give them any greater force or efficacy than they would otherwise have." Reliance is placed upon the second section of the act of 1863 as evincing an intention or purpose of this kind on the part of

the legislature.    That section reads as follows:  " The cost of all stamps required by the laws of the United States to be affixed to the certificate of sale of any land sold for taxes, interest and charges, in any year in pursuance of law, shall be a lien thereon until paid, equally with the unpaid taxes ; and the county or city treasurer selling such land is hereby required to include the cost of such stamps as a part of the charges due thereon, in the amount for which such land shall be sold."

Now it is claimed on the part of the defendant that this provision clearly recognizes the necessity of affixing a stamp to certificates of sale of land sold for taxes.    This is undeniably so.    But we know historically that this law was enacted before the power of congress to impose a stamp duty on a tax deed or tax certificate issued under state authority was seriously questioned.    And, as remarked by Mr. Justice PAINE in *Delorme v. Ferk*, the law proceeds upon the assumption that the act of the United States imposing such a tax was valid, and then provides a way for collecting the cost of the stamp out of the land which may be sold for taxes.    But it is not supposable that the legislature would have made any such provision, had the question been raised and decided that the taxing power of the federal government did not extend to tax deeds and tax certificates executed and issued by state officers on tax sales. And therefore it seems to us there is no ground for holding that the legislature, in enacting this section, intended to cure any defect in the laws of congress upon the subject, or to give to those laws any greater force and efficacy than they would otherwise have.    The legislature was not enacting laws in aid of those passed by congress, or attempting to superadd anything to those laws.    But, acting upon the assumption that a tax deed and a tax certificate would be invalid unless stamped, a way was provided for collecting the cost of the stamp, in order that the expense thereof might not come out of the county or state treasury.    Hence by the first section it is enacted that no officer shall be obliged to execute and deliver a conveyance

or other instrument upon which a stamp is imposed by the laws of the United States, until the party entitled to receive the same shall furnish the officer the proper stamp. And the second section makes the cost of the stamp a lien upon the land equally with the unpaid taxes, and provides that it may be included in the amount for which the land is sold. But the only object of all this was to protect the state officers in respect to stamps, and to make the expense of them chargeable upon the land sold. And we think it is very clear that there was no intention on the part of the legislature to legalize the stamp duty, and make it applicable to these instruments, but to leave the revenue laws of congress to operate according to their own force and validity.

This action was brought under sec. 26, ch. 22, Laws of 1859, to recover of the county the amount paid on the tax certificates, and interest. If the sales were void by reason of including five cents for a revenue stamp in the amount for which the lands were sold, then we suppose the county was liable to refund the amount. The section just referred to provides that if the clerk of the board of supervisors shall discover that for any error or irregularity the lands sold ought not to be conveyed, he shall not convey them, and the county treasurer is required on demand to refund the amount paid therefor on the sale, with interest, to the purchaser or assigns. "This enactment makes the county liable for the amount due upon tax certificates, where error or irregularity has intervened in the proceedings so as to invalidate the sale, and it imposes upon the treasurer the clear duty of refunding the money, with interest, out of the county treasury." *State ex rel. Wolf v. The Board of Supervisors of Sheboygan Co.*, 29 Wis., 79–82. The fact that the plaintiff presented his claim to the county board, instead of applying to the county treasurer, to refund the money, can not upon the facts prejudice his claim.

The learned counsel for the defendant insists that the plaintiff has no right to recover the money paid upon the certificates,

Barden vs. Supervisors of Columbia County.

even if the sales were void, because he says he might take a tax deed, and bring an action to bar the original owner, when he would either recover the land itself or all the taxes which he had paid, with a high rate of interest, under the subsequent provisions of ch. 22. We do not think the plaintiff was confined to this course of proceeding. The county has obtained his money upon void tax certificates, and upon general principles he is entitled to have his money refunded, with legal interest. *Warner v. Supervisors, etc.*, supra; *Norton v. The Supervisors of Rock Co.*, 13 Wis., 612; *Hutchinson v. Supervisors of Sheboygan Co.*, 26 id., 402.

We express no opinion upon the other question discussed by counsel, namely, whether the affidavits of posting notices of sale were defective or not. The point already decided disposes of the case, and renders a consideration of that question unnecessary.

*By the Court.* — The judgment of the circuit court is affirmed.

A motion for a rehearing was denied, and the following opinion was filed:

COLE, J. We deem it necessary to make only a remark on overruling the motion for a rehearing. The sale being void, the plaintiff was entitled to recover the money paid, and interest, at common law, even if he did not come fully within the provisions of ch. 22, Laws of 1859. It is said that the cause of action at common law was barred; but the statute of limitations is not set up by answer, as it shonld have been in order to give the defendant the benefit of that defense. Again, it is argued that the law of 1863, which provides a way for collecting the expense of a stamp, which was supposed to be necessary, might be sustained as an exercise of the taxing power. But the object of that act is manifestly not to raise revenue for the state. Besides, the constitution not only requires that the rule of taxation shall be uniform, but that taxes shall be levied on

property.    The objects of taxation must be property, and not tax certificates or instruments which are merely evidence of contracts.

*By the Court.* — The motion is denied.