MILLEDGE vs. COLEMAN.

TAX TITLES. *(1) Limitation of action: what defects in sale cured. (2) Form of tax deed. (3) Form of acknowledgment of tax deed.*

1. While it was illegal to include the price of a U. S. revenue stamp (to be affixed to the certificate of sale) in the amount to make which land was sold as for nonpayment of taxes, and the deed might have been avoided for such excess before the three years limitation of the statute expired *(Barden v. Supervisors,* 33 Wis., 445; *Baker v. Supervisors,* 39 id., 447), yet the validity of the sale cannot be questioned on that ground *after* the time limited has expired.

2. A tax deed, after reciting the sale of the land to the county, further recites that the certificate was by the county treasurer assigned to X. for a specified sum, "which sum was the amount of taxes assessed and due and unpaid on said tract of land, together with costs and charges of such sale due therewith at the time of making such sale, the whole of which sum of money has been paid by the aforesaid purchaser" of the certificate. *Held,* that this is a sufficient compliance with the statute which requires the deed to show the amount for which the land was sold.

3. The certificate of acknowledgment of a tax deed states that the clerk of the board (naming the person by whom, as clerk, the deed purports to be executed) "came personally before me, to me known to be the person so described in the foregoing instrument, and acknowledged that the same was executed freely and voluntarily, for the uses and purposes therein mentioned." *Held,* that this sufficiently shows an acknowledgment, by said clerk, that the deed was executed *by him.*

APPEAL from the Circuit Court for *Oconto* County.

Ejectment. Plaintiff appealed from a judgment in favor of the defendant. The case will appear from the opinion.

For the appellant, there were separate briefs by *Webster &*

*Brazeau*, his attorneys, and *L. S. Dixon*, of counsel, and oral argument by *Mr. Webster* and *Mr. Dixon*.

For the respondent, there was a brief by *Hastings & Greene*, and oral argument by *Mr. Hastings.*

COLE, J. The sole question in this case arises upon the statute of limitations set up in the answer. The action is ejectment, the plaintiff claiming title under a patent from the state. The defendant claimed the premises by virtue of a tax deed, which had been recorded more than three years before the commencement of the action. The court below found as a fact, that to the amount of all legal taxes and charges for which the premises were liable to be sold, the county treasurer added five cents to pay for a United States revenue stamp to be affixed to the certificate of sale, and that this sum was included in the amount for which the premises were sold.

Now it is insisted by the learned counsel for the plaintiff, that because five cents to pay for a revenue stamp was included in the amount for which the land was sold, the tax sale was void, and the limitation did not run upon the tax deed. The position is briefly this: the statute expressly speaks of " land which has been sold and conveyed by deed for nonpayment of taxes; " and therefore, when, as in this case, the sale was in whole or in part for that which was not a tax, and which, under no circumstances, could be a tax, the sale is not for taxes, and the deed is not within the words nor intent and meaning of the statute.

We are not able to concur in this construction of the statute. It is admitted at the outset that the county treasurer had no legal authority to include in the amount for which the land was sold, five cents for a revenue stamp, and that the tax deed could have been avoided for this illegal excess before the statute had run upon it. *Barden v. Supervisors*, 33 Wis., 445; *Baker v. Columbia County*, 39 Wis., 447. So likewise would the sale and conveyance have been avoided if the tax-

ing officers had included an illegal excess for fees, either intentionally or through a mistake of the law. *Kimball v. Ballard*, 19 Wis., 601; *Warner v. Supervisors*, id., 611; *Pierce v. Schutt*, 20 id., 423. And it would be as accurate and just to say in the one case as in the other that the land had not been sold for taxes, because there was an illegal excess or charge included in the amount for which the land was liable to be sold. In the case before us, the land was sold for $8.08, of which $8.03 were confessedly legal taxes and legal charges. It is quite true the land was sold for a gross sum, a part of which was legal and a part illegal. But we have no doubt there was a sale for the nonpayment of taxes, within the meaning of the statute. If the limitation does not apply to the deed in this case, neither would it apply to any case where there was included in the amount for which the land was sold an illegal excess arising from the mistakes of the taxing officers, in extending the tax, or where there was an erroneous charge for fees, whether made intentionally, or through mistake of law.

While the validity of the sale and conveyance is an open question, this illegal excess or any other irregularity in the tax proceedings may be shown in avoidance of the deed; but when the limitation has attached, the deed cannot be impeached upon any such ground. This is the view which has uniformly been taken of the statute by this court in the cases which have come before it; and to adopt now the construction contended for by plaintiff's counsel would disturb numerous titles. In the very recent case of *Oconto Company v. Jerrard*, 46 Wis., 317, the effect of the tax deed where the statute had run was very fully considered. In that case there was no pretense that the tax for which the deed was issued proceeded upon a regular, fair and equal assessment of the property to be taxed. A more fundamental and fatal defect in the tax proceedings than this could not well exist, since a valid assessment is the foundation of the tax. In answer to the argument that the

statute was not intended to apply to such a case, and that the deed could be impeached for such a radical defect, the chief justice uses this language: "The respondents had their day to impeach the tax proceeding and avoid the tax deed. Then they might have said that the groundwork was so defective that there was no tax, and that the deed was therefore no tax deed. This they did not then do, and they are now too late to do it. They suffered the statute to purge the tax proceedings of all defects, to raise the tax deed above impeachment. Their objections may be all well founded, but they come out of time. What the respondents might have said, they cannot now say. The statute has left them like one estopped to speak the truth, because they did not speak it when they might.

"That has been the construction uniformly given by this court to the statute of limitations in relation to tax deeds. It has been uniformly held, in a multitude of cases, that, as against the grantee of a tax deed, the statute puts at rest all objections against the validity of a tax proceeding, whether resting on mere irregularity or going to the groundwork of the tax. The statute makes a deed, valid on its face, *prima facie* evidence, as soon as executed, of the regularity of all the proceedings, from the assessment of the land, inclusive, to the execution of the deed; and the effect of all the decisions is, that when the statute has run in favor of the grantee, the deed becomes conclusive to the same extent. The terms of the statute bar any action to recover the possession of land sold and conveyed by deed for nonpayment of taxes; and the learned counsel of the respondents contends that, to bring a tax deed within the statute, the validity of the tax and of the sale must be established. Such a construction would go far to make the statute a dead letter. The statute was designed to protect things *de facto*, not things *de jure*. When there has been an actual attempt, however defective in detail, to carry out a proper exercise of the taxing power, the statute applies; and the trouble with the argument is, that in such

a case, saving the instances excepted by the statute itself, after the statute has run, the tax deed itself conclusively establishes the validity of the tax and of the sale."

No remarks could more satisfactorily meet and dispose of the argument on the statute of limitations, which was made in this case, than the above; and nothing need be added to them.

There are one or two minor objections to the deed, which remain to be noticed. It is said that the deed is void on its face because it does not show, as the statute requires, the amount for which the land was sold. A mere examination of the deed sufficiently shows that this objection is not well taken; for, after describing the land which was sold for the nonpayment of taxes, by the county treasurer, at the time and place named, to Oconto county, the deed recites that the certificate was "by its treasurer assigned to *S. A. Coleman* for the sum of $8.08 in the whole, which sum was the amount of taxes assessed and due and unpaid on said tract of land, together with the costs and charges of such sale due therewith at the time of making such sale, the whole of which sum of money has been paid by the aforesaid purchaser" of the tax certificate. Another objection taken to the deed is, that its execution was not properly acknowledged by the clerk. The criticism upon the acknowledgment is, that it does not show that the clerk, Grumert, acknowledged that the deed was executed by him. It seems to us the objection is hypercritical. The officer before whom the acknowledgment was taken certifies that the clerk of the board (naming him) came personally before him, "to me known to be the person so described in the foregoing instrument, and acknowledged that the same was executed freely and voluntarily, for the uses and purposes therein mentioned." This language plainly implies that the clerk who made the acknowledgment, himself executed the deed.

It follows from these views that the judgment of the circuit court must be affirmed.

*By the Court.* — Judgment affirmed.