Peck *v.* Comstock.

(*Circuit Court, W. D. Wisconsin.* February 18, 1881.)

1. Tax Deed—Statute of Limitations—Wisconsin Rev. St. § 1210.
   The omission of a recital in a tax deed, under the statutes of Wisconsin, of the previous issue of an irregular tax deed, does not prevent the running of the statute of limitations.—[Ed.

Demurrer. Suit to set aside Tax Deed.
*Walter S. Barnes,* for complainant.
*John C. Spooner,* for defendant.

BUNN, D. J. This action is brought by the complainant, who resides in Michigan, to set aside and cancel a tax deed upon certain land lying in the county of Burnett, in the state of Wisconsin, upon which the plaintiff holds a mortgage executed by one William S. Patrick. The mortgage has been foreclosed, and the time of redemption has expired, but no sale has been made. The land was sold for taxes in May, 1874, for the taxes of 1873, and certificates of sale duly issued, which were afterwards duly and regularly assigned to the defendant, who, on May 31, 1877, the time for redeeming the lands from sale having expired, took out a tax deed from the clerk of Barron county, in which the lands then lay, which deed was, however, irregular and void upon its face from being sealed with the clerk's private, instead of his official, seal, as the law requires. This irregular deed was acknowledged and recorded. On August 4, 1877, the defendant, Comstock, ascertaining that his deed was irregular, applied to the clerk to have a new deed issued, without, however, complying with the statute, which requires notice of such application to be given by publication. The clerk thereupon issued a new deed, which, as a first deed, is strictly regular in form, and sufficient in all respects to convey the title in the land to the defendant, all the previous tax proceedings being conceded and alleged in the complaint to be regular and valid; but as a second deed it is irregular and void, because it does not recite, as the statute requires in such cases, the issuing of the previous irregular deed. The bill is quite specific in its allegations of the regularity of the tax proceedings up to the issuing of the deeds, perhaps for the purpose of showing that the deed sought to be set aside constitutes a cloud upon the plaintiff's title. It appears upon the face of the complaint that the time within which actions are allowed to be brought under section 1210, Rev. St., to set aside or cancel a tax deed had expired when this action was brought; and the defendant demurs to the complaint on this ground, as well as that the facts set forth are insufficient to entitle the plaintiff to relief in equity.

The question for determination is whether or not the statute

of limitations runs upon the deed. I think it does, and that the demurrer must be sustained. Within the decisions of the supreme court of Wisconsin, which I feel bound to follow on this question, I think there can be little room for doubt. It is claimed by complainant that the tax deed is void, and therefore the statute does not run upon it. But, within the cases of *Marsh* v. *The Supervisors*, 42 Wis. 502; *Philleo* v. *Hiles*, 42 Wis. 527; and *The Oconto Co.* v. *Jerrard*, 46 Wis. 324, the deed being void does not prevent the application of the statute. And such I understand to be the uniform holding of that court and the settled construction placed upon the statute. *Edgerton* v. *Bird*, 6 Wis. 527; *Lawrence* v. *Kinney*, 32 Wis. 281; *Wood* v. *Meyer*, 36 Wis. 308; *Hill* v. *Kricke*, 11 Wis. 442; *Knox* v. *Cleveland*, 13 Wis. 245; *Milledge* v. *Coleman*, 47 Wis. 184.

The deed in this case sought to be set aside is conceded to be perfectly regular on its face as a first deed. It is, in fact, just such a deed as the defendant was entitled to receive when he took out the irregular deed on the thirty-first of May. It is sufficient on its face, and does *prima facie* convey a complete title in fee to the land. It is only by going outside and beyond the deed itself and the record thereof that the irregularity can be shown which would avail to avoid the deed, if the inquiry had been instituted within the time when such inquiry would have been proper. See *Guest* v. *City of Brooklyn*, 69 N. Y. 573; *Marsh* v. *City of Brooklyn*, 59 N. Y. 283.

If Comstock had brought an action of ejectment to recover the lands, then it is clear that the introduction of this deed in evidence would have supported his claim of title, and that it would devolve upon the former owner to show affirmatively the irregularities which would go to render the deed void in fact. This is one of the very inquiries intended by the statute to close. The statute of limitations is one of repose, and it would answer but a poor purpose if it had no effect to cut off inquiries, the result of which would be to show that the deed was not merely voidable, but void in fact. Here the officer had full power and jurisdiction to issue a tax deed, and the defendant was entitled to one conveying full title to the land. Under the

decisions of the supreme court before the statute was passed requring notice to be given on application for a second deed, the defendant would have been entitled to just such a deed as this, and it would have conveyed a title in fee to the land. The statute was passed requiring notice of the application to be given, and certain other formalities to be observed which were not observed in this case, and the non-observance of which it is conceded rendered the deed void in fact. But it cannot be likened to a case where there is a total want of power to issue a deed. If it were possible to conceive different degrees of voidness, it seems clear that the deed is no more void in this case than one where there has been no assessment, as in *Marsh* v. *The Supervisors,* or where there has been no notice of sale of the land, or where the land has been sold to raise moneys in part that constituted no portion of the tax levied, as in *Milledge* v. *Coleman,* 47 Wis. 184, where it was held that the statute run upon the tax deed. In all those cases it was not possible that there could be any valid tax deed on the sale, while here there could have been, as the proceedings up to and including the sale were all regular; and if the statute runs in those cases it is evident that it does in this.

In that case, which is the last expression of the supreme court on the question, the court say: "In the very recent case of *Oconto Company* v. *Jerrard,* 46 Wis. 317, the effect of the tax deed where the statute had run was very fully considered. In that case there was no pretence that the tax for which the deed was issued proceeded upon a regular, fair, and equal assessment of the property to be taxed. A more fundamental and fatal defect in the tax proceedings than this could not well exist since a valid assessment is the foundation of the tax. In answer to the argument that the statute was not intended to apply to such a case, and that the deed could be impeached for a radical defect, the chief justice uses this language: 'The respondents had their day to impeach the tax proceedings and avoid the tax deed; then they might have said that the groundwork was so defective that there was no tax. This they did not then do, and they

are now too late to do it. They suffered the statute to purge the tax proceedings of all defects, to raise the tax deed above impeachment. Their objections may be all well founded, but they came out of time. What the respondents might have said they cannot now say. The statute has left them like one estopped to speak the truth, because they did not speak it when they might.' That has been the construction uniformly given by this court to the statute of limitations in relation to tax deeds. It has been uniformly held in a multitude of cases that, as against the grantee of a tax deed, the statute puts at rest all objections against the validity of a tax proceeding, whether resting on mere irregularity or going to the groundwork of the tax. The statute makes a deed valid on its face *prima facie* evidence, as soon as executed, of the regularity of all proceedings from the assessment of the land inclusive to the execution of the deed, and the effect of all the decisions is that, when the statute has run in favor of the grantee, the deed becomes conclusive to the same extent. The terms of the statute bar any action to recover possession of land sold and conveyed by deed for non-payment of taxes, and the learned counsel for the respondent contends that to bring a tax deed within the statute the validity of the tax and of the sale must be established. Such a construction would go far to make the statute a dead letter. The statute was designed to protect things *de facto*, not things *de jure*. When there has been an actual attempt, however defective in detail, to carry out a proper exercise of the taxing power, the statute applies; and the trouble with the argument is that in such a case, saving the instances excepted by the statute itself after the statute has run, the tax deed itself conclusively establishes the validity of the tax and of the sale."

Demurrer is sustained and judgment for the defendant.