KAEHLER vs. DOBBERPUHL, Town Treasurer, and another.

*December 13, 1882 — January 9, 1883.*

EQUITY: TAXATION. *(1, 4) When collection of tax enjoined. (2, 7: 4) Amount due must be tendered. (3) Pleading: presumption.*

TAX PROCEEDINGS. *(4–8) Reassessment of taxes. (7) Case stated. (7: 2) Refunding money on void tax sale. (7: 3, 8) Interest, upon reassessment.*

1. A court of equity will not interfere to declare a tax invalid and restrain its collection, unless the objections to the proceedings are such as go to very groundwork of the tax, and necessarily affect materially its principle, and show that it must be unjust and unequal.

2. In an action to restrain the collection of a tax, the plaintiff should be required either to tender, or to offer in his complaint to pay, the amount rightfully due, as a condition upon which the injunction should issue. *Pierce v. Schutt*, 20 Wis., 423, limited.

3. In such an action the plaintiff must demonstrate by his complaint that his property is not legally or equitably chargeable with the tax whose collection is sought to be enjoined. The presumptions are in favor of its validity.

4. If a tax could be regularly reassessed and was properly chargeable upon such property, no irregularity in making such reassessment would be a sufficient ground for enjoining its collection.

5. Where a tax originally assessed upon the whole of a tract of land is to be reassessed upon such land in separate parcels, the apportionment thereof to the parcels according to the area of each is presumptively just and proper.

6. An imperfect verification of his assessment by an assessor does not impeach the justice or equity of the tax, or prevent the reassessment thereof under sec. 1087, R. S.

7. Lands were sold for the taxes assessed thereon in 1864 and 1870. The certificate of the sale for the taxes of 1870 did not entitle the holder thereof to a tax deed until May 9, 1874. Tax deeds were issued upon both sales; and the grantee therein redeemed the lands from sales for the taxes of 1872, 1873, and 1874. In an action commenced before May 9, 1880, a final decision was rendered after that date adjudging the sales for the taxes of 1864 and 1870, and the tax deeds issued thereon, to be void on account of irregularities in the tax proceedings not relating to the validity of the taxes or to the justice of charging the lands with them. Within one year after such decision the county, upon demand of the owner of the tax deeds, refunded to him the amounts of the certificates of the sales for the taxes of 1864, 1870, 1872, 1873 and 1874 with interest thereon; and ordered the amount of such taxes to be reassessed and relieved upon the lands with interest at the rate of ten per cent. per annum. *Held:*

(1) All of such taxes were properly ordered to be reassessed. R. S., sec. 1087.

(2) The period limited by ch. 144, Laws of 1874, for the bringing, by the grantee in the tax deed issued on the sale for the taxes of 1870, of an action to recover the amount paid by him therefor, having commenced to run before the R. S. of 1878 took effect, the limitation prescribed by that chapter, and not that prescribed by sec. 1185, R. S. 1878, was applicable to his claim. And such claim having been presented within one year after the decision adjudg-

ing the tax deed to be void, the amount paid by him was properly refunded.

(3) The county being authorized by sec. 1184, R. S. (sec. 27, ch. 22, Laws of 1859), to refund the taxes for the years 1870, 1872, 1873 and 1874, it was proper in ordering the reassessment thereof to direct the addition of interest at the rate of ten per cent. per annum. Sec. 1186, R. S.

(4) Whether the county was authorized to refund the taxes of 1864 is left in doubt by the record. If not, and if, therefore, it was improper in reassessing such taxes to add interest thereon, the amount of such interest could be readily severed from the amount properly reassessed, and the owner of the land would not be entitled to an injunction restraining the collection of such reassessed tax without offering to pay the valid part thereof.

8. Whether, when a reassessment of a tax is made in a case where the county has not lawfully refunded the tax with interest thereon, under the provisions of sec. 1184, R. S., any interest can be added to such reassessed tax, *quære*.

APPEAL from the Circuit Court for *Ozaukee* County.

The case is stated in the opinion.

For the appellants there was a brief by *Cotzhausen, Sylvester, Scheiber & Jones*, with *F. W. Horn*, of counsel, and oral argument by *Mr. Cotzhausen*.

*E. S. Turner*, for the respondent.

TAYLOR, J. The respondent brought this action in the circuit court of Ozaukee county, against the treasurer of the town of *Cedarburg* and the town of *Cedarburg*, to restrain such treasurer from collecting a tax designated on the tax roll of said town for the year 1881 as a "total reassessed, special tax, $695.79," from returning said tax as delinquent to the county treasurer, and to have said tax and the whole thereof declared a nullity and of no effect, and for a temporary injunction. This tax was charged on the tax roll of 1881 against seventy-five acres of the W. ½ of the N. W. ¼ of section ten, town ten, range twenty-one east. An *ex parte* injunctional order was granted as prayed for in the com-

Kaehler vs. Dobberpuhl, Town Treasurer, and another.

plaint, bearing date January 4, 1882. The defendants demurred to the complaint generally, on the ground that it did not state facts sufficient to constitute a cause of action. February 13, 1882, the defendants moved to dissolve the preliminary injunction upon the pleadings, and the affidavit of the defendant *Dobberpuhl* on the part of the defendants, and the affidavit of the plaintiff in opposition. The motion of the defendants to dissolve the injunction was denied with costs, and from the order denying such motion the defendants appeal to this court. The learned counsel for the appellants insists (1) that the plaintiff's complaint does not state a cause of action which would justify a court of equity in granting the preliminary injunction; and (2) if a cause of action be stated, the affidavit of *Dobberpuhl,* upon which the motion to dissolve the injunction was in part founded, conclusively shows that a large portion of such reassessed tax charged upon the tax roll against said lands and real estate of the plaintiff was legally and equitably chargeable to such lands; and that for these reasons the learned circuit judge erred in overruling the motion to dissolve such preliminary injunction.

It is a fundamental rule that a court of equity will not interfere to declare a tax invalid and restrain its collection, unless the objections to the proceedings are such as go to the very groundwork of the tax, and necessarily affect materially its principle, and show that it must necessarily be unjust and unequal. *Mills v. Gleason,* 11 Wis., 470, and cases cited in the notes to that case; *Hart v. Smith,* 44 Wis., 213, and cases cited on p. 218. The rule established by the cases above cited in this court has never been changed, and we find it supported by a long list of cases cited in the learned note to the case of *Second Nat. Bank v. Caldwell,* 13 Fed. Rep., 433, cited by the learned counsel for the respondent. The cases of *Pierce v. Schutt,* 20 Wis., 423; *Kimball v. Ballard,* 19 Wis., 601; *Mills v. Johnson,* 17 Wis., 598; *Hersey v. Supervisors,* 16 Wis., 185; *Bond v. Kenosha,* 17 Wis., 284;

*Myrick v. La Crosse*, 17 Wis., 442; *Siegel v. Supervisors*, 26 Wis., 70; and perhaps others may be found where tax deeds and tax proceedings have been set aside by the courts of this state for irregularities not going to the groundwork of the tax itself; but in these cases, except the case of *Pierce v. Schutt*, the plaintiff, either before suit brought had tendered the taxes justly chargeable to his land, or in his complaint offered to pay the same. If the case of *Pierce v. Schutt* is to be followed, we think it ought to be restricted to cases of like kind. In that case the action was commenced to set aside a tax deed, and the complaint stated facts showing that such deed was clearly void at law for a sum illegally added to the rightful tax by the county treasurer. In that case it was held that although the plaintiff did not allege in his complaint an offer to pay the rightful tax, nor that he had tendered it before suit brought, he was entitled to relief upon condition that he pay such lawful taxes. We think this rule ought not to be extended to a case like the present, where the plaintiff seeks to restrain the collection of the tax by the town treasurer. In a case of this kind he ought to be required either to tender the taxes rightfully due, or at least offer to pay them in his complaint, as a condition upon which the injunction should issue; otherwise the transaction which took place between these parties might be repeated from year to year, and the lawful taxes remain unpaid. If the preliminary injunction be granted, the law's delay would usually prevent the collection of the tax, or the return of the same as uncollected to the county treasurer, until it would be too late either to collect the same on the tax warrant or by return of them as delinquent to the county treasurer. Having effected this purpose, the complaint might then be dismissed, and when the taxes made their appearance on the tax roll the next succeeding year, the same proceedings might again be gone through with, and thus the collection of the lawful tax be postponed indefinitely.

It is, however, unnecessary to pursue this discussion further, as the allegations of the complaint either show that the whole reassessed tax is void, and none of it chargeable, either at law or in equity, against the plaintiff's lands, or else they do not show that any part of it is void or inequitable. After a careful examination of the complaint, we are unable to discover any allegations therein which clearly show that the sum charged upon the tax roll of 1881, as reassessed taxes on the plaintiff's land, are not properly chargeable to such lands. It is true, the complaint sets out that certain taxes were levied on said lands in 1864 and in 1870, and that such taxes were not paid, and the land was sold and tax deeds issued upon such sales, and that afterwards and in 1880 the circuit court of Milwaukee county declared said taxes and the deeds issued thereon void, and that the judgment of said court remains unreversed and unappealed from, and it further alleges in general terms that neither of said taxes have ever been reassessed upon the lands of said plaintiff, but it fails to show by express averment that the taxes upon which said tax deeds were issued, and which deeds were declared illegal by the judgment of the said circuit court, were not legally or equitably chargeable to the lands of the said plaintiff, or that some part thereof was not so chargeable. And it also fails to allege that the taxes inserted in the tax roll for 1881 as reassessed taxes were in fact inserted on said roll as a reassessment of the taxes of 1864 and 1870. The complaint also sets out that said lands of the plaintiff were assessed for certain taxes in 1872, 1873, and 1874, and that such taxes were not paid, and that said lands were sold in the years 1873, 1874, and 1875, by the county treasurer, for the payment of such taxes, and further alleges that said lands were redeemed from said sales, or the tax certificates canceled, before the purchaser at such sales was entitled to a tax deed thereon. But it fails to allege that such redemption was made by the plaintiff, or on her behalf.

The complaint also alleges in general terms that such taxes have never been reassessed or relevied upon said lands, but, as in the other case, it fails to allege that the taxes inserted in the tax roll of 1881 as reassessed taxes, were so inserted as a pretended reassessment of these taxes of 1872, 1873, or 1874, nor does she make any complaint that such taxes of 1872, 1873, and 1874 were not lawfully chargeable to said lands, but alleges affirmatively that they were lawfully levied thereon. We are inclined to hold that the complaint fails to show affirmatively and clearly that the plaintiff's lands are not lawfully chargeable with the amount of the tax inserted on the tax roll of 1881. In an action of this kind no presumptions should be indulged in to uphold the plaintiff's claim for relief by injunction. When a taxpayer undertakes to stop the officers of the law from collecting a tax charged against his property by a proceeding in equity, he should be required to demonstrate by his complaint that his property is not legally or equitably chargeable therewith. The presumptions in such case are in favor of the validity of the tax. This we think the plaintiff has failed to do in this case. The statutes of this state authorize the reassessment of taxes when the tax deed or tax sale has been set aside for irregularities not going to the validity of the tax itself, but to irregularities of the tax proceedings, and we cannot therefore presume that a tax appearing upon the tax roll as a reassessed tax is void simply because it is stated to be a reassessment; and such is in fact what we must do in this case in order to sustain the plaintiff's complaint. *Dill v. Roberts*, 30 Wis., 178–185.

We think, however, there is a more substantial reason than the want of proper allegations in the complaint why the injunction should have been dissolved upon the motion of the defendant. The affidavit of the appellant *Dobberpuhl*, upon which that motion was founded in part, supplies what is omitted in the complaint, and shows very clearly

that the reassessed tax placed on the rolls of 1880 and 1881 was in fact a reassessment of the taxes of 1864, 1870, 1872, 1873, and 1874, and so furnishes the connection which is wanting in the complaint of the plaintiff, and at the same time it overbears the general statement in said complaint that such taxes had never been reassessed against the plaintiff's land.

The only question material to the determination of this appeal is whether such taxes could be regularly reassessed and charged to the plaintiff's land. If they could, and ought to be so charged, then any irregularity in making such reassessment would not be a sufficient ground for enjoining their collection. The plaintiff in such case must either pay the taxes properly chargeable to his lands, or refuse to pay them, and run the risk of defending himself against their enforcement in an action at law. The affidavit of *Dobberpuhl* shows that shortly after the decision of this court in the case of *Scheiber v. Kaehler*, 49 Wis., 291, declaring the tax deeds void which were issued on the sale of the plaintiff's lands for the nonpayment of the taxes assessed and levied thereon for the years 1864 and 1870, the owner of said tax deeds required the county of Ozaukee to pay to him the full amount of the tax certificates on which said deeds were issued, with interest at seven per cent. from the date of said certificates, and the county, on the 18th day of December, paid the same to him. The affidavit further shows that the owner of said certificates and of the deeds issued thereon, for the purpose of protecting his supposed title to the lands described in said tax deeds, took up and redeemed the certificates of sale of said lands for the payment of the taxes for the years 1872, 1873, and 1874, and that said county of Ozaukee was further required to pay and did pay to such owner the several amounts of said last-named certificates, with interest thereon from the date thereof at the rate of seven per cent. per annum to the 18th day of November, 1880; and that the board

of supervisors of said county did, on the said 18th day of November, 1880, pursuant to the statute in such case made and provided, make an order, a copy of which is annexed to said affidavit of said appellant. By an examination of this order it appears that the said board of supervisors directed that the following sums of money be reassessed and relevied upon the lands of the plaintiff on account of the moneys so refunded by the county to the owner of said tax deeds, and for the redemption of said tax certificates, viz.:

| | | |
|---|---:|---:|
| On account of tax deed issued on sale for taxes of 1864 | $108 | 91 |
| Interest at 10 per cent. from Feb. 26, 1866, to Dec. 31, 1880 | 161 | 70 |
| | $270 | 61 |
| For the tax deed issued for taxes of 1870 | 65 | 59 |
| Interest at 10 per cent. from March 1, 1871, to Dec. 31, 1880 | 64 | 49 |
| | $130 | 08 |
| For taxes of 1872 | 74 | 70 |
| Interest at 10 per cent. from Feb. 26, 1873, to Dec. 31, 1880 | 58 | 61 |
| | $133 | 31 |
| For taxes of 1873 | 46 | 20 |
| Interest at 10 per cent. from Feb. 21, 1874, to Dec. 31, 1880 | 31 | 68 |
| | $77 | 88 |
| For taxes of 1874 | 32 | 43 |
| Interest at 10 per cent. from March 22, 1875, to Dec. 31, 1880 | 18 | 70 |
| | $51 | 13 |

The whole amount so ordered to be reassessed on plaintiff's land was $663.01. This sum, it will be seen, exactly corresponds with the allegation in the plaintiff's complaint that her lands were charged with a total special tax in 1880 of $663.01. The affidavit of *Dobberpuhl* further shows that on February 26, 1881, the plaintiff in this action commenced an action in the circuit court of Ozaukee county against the then town treasurer of said town of *Cedarburg* to set aside and declare illegal the said special tax appearing on the tax

roll of 1880, and in such action obtained an injunctional order restraining all proceedings on the part of the treasurer in reference to said tax, the collection thereof, and the return of the warrant in that behalf; that the town treasurer appeared in said action and defended the same, and such proceedings were had in such action that on July 11, 1881, the complaint of the plaintiff was dismissed and the injunction dissolved, but too late for the said town treasurer to return said special tax as delinquent and uncollected, and too late to collect the same by virtue of his warrant. At their meeting in 1881 the county board of Ozaukee county, having charged the town of *Cedarburg* with the said special tax of $663.01, because the same was not returned delinquent or otherwise accounted for by the treasurer of said town, the town board of the town of *Cedarburg* made an order directing the reassessment of the said sum of $663.01, with interest on each of the original assessments at ten per cent. per annum for one year from January 1, 1881, to December 31, 1882, making in all the sum of $695.79 to be relevied and reassessed upon the lands of the plaintiff, and such relevy and reassessment is the reassessed tax appearing upon the tax roll of 1881, and is the tax sought to be avoided by this action.

The facts uncontradicted by the records and the affidavit of said *Dobberpuhl* are the following: (1) That the taxes assessed on the lands of the plaintiff in the years 1864, 1870, 1872, 1873, and 1874 were never paid by her. (2) That for the payment of the taxes remaining unpaid on said land for the years 1864 and 1870, such lands were sold and tax deeds issued thereon. (3) That the person obtaining such tax deeds, for the purpose of protecting his title to the lands under such deeds, redeemed said lands from the sales made for the payment of the taxes for the years 1872, 1873, and 1874. (4) That afterwards, by the judgment of this court and of the circuit court of Milwaukee county, August 2,

1880, the sales for the nonpayment of said taxes of 1864 and 1870, and the tax deeds issued thereon, were declared null and void, on account of certain irregularities in the tax proceedings, not relating to the validity of such taxes, nor to the justice of charging the plaintiff's land with the same or some part thereof. (5) That after such tax sales and tax deeds were set aside, the owner of such tax deeds, and of the title supposed to be derived through the same, presented a claim against the county of Ozaukee to the county board of supervisors of said county, and demanded payment for the amount for which such tax sales were made, with interest thereon from the date of the sales to the time of payment at the rate of seven per cent. per annum, and for the amount of the several sums paid by said owner to redeem said lands from the tax sales of 1873, 1874, and 1875, for the payment of the taxes for the years 1872, 1873, and 1874, with interest on said several sums from the date of such redemptions to date of payment at the rate of seven per cent. per annum, and that said county paid said several sums, with the interest thereon, to said owner. (6) That at the annual session of said county board in 1880, said board ordered the said taxes which had been assessed on said plaintiff's lands for the years 1864, 1870, 1872, 1873, and 1874, and which had been so refunded and paid to said owner, to be reassessed and relevied upon said lands, and the amount of said taxes so reassessed and relevied as above in this opinion stated, with the interest added, amounted to the said sum of $663.01. (7) That this sum of $663.01 was inserted in the tax roll of the town of *Cedarburg* for the year 1880 as a special tax upon the lands of the plaintiff. (8) That the plaintiff commenced an action in 1881, and before said tax of $663.01 or any part thereof was collected, to restrain the treasurer of said town from collecting the same or any part thereof, or from returning the same to the county treasurer as delinquent and uncollected, and obtained

a preliminary injunction against such treasurer; that the treasurer appeared in said action and demurred to the complaint, and such proceedings were had therein that the same was dismissed and the injunction dissolved, but too late to enable the treasurer to collect such special tax upon his warrant, or to return the same as delinquent to the county treasurer. (9) That the county board charged the amount of said uncollected tax back to the town of *Cedarburg*, and the town board of said town ordered and directed said tax to be again inserted in the tax roll for said town in the year 1881 as a reassessed tax for the original amount directed to be collected by the county board, viz., $663.01, with interest added as above set forth, making the sum of $695.79, the amount inserted in the tax roll for 1881.

We think the only material questions in this case are these: Had the county board the right to refund the taxes on the plaintiff's lands for the years 1864, 1870, 1872, 1873, and 1874, to the owner of said tax deeds issued on the sales for the payment of the taxes of 1864 and 1870? And, having so refunded the same, were they authorized to direct the relevy and reassessment of them, or any part thereof, with ten per cent. interest, on the plaintiff's land? Whether these taxes or any part of them could be properly reassessed upon the lands of the plaintiff, depends on the nature of the irregularities in the previous assessment and proceedings on account of which they were set aside. By an examination of the opinion in the case of *Scheiber v. Kaehler*, 49 Wis., 291, it will be seen that the tax sale for the taxes of 1864 was held void, for the reason that a gross tax of $116.18 had been returned to the county treasurer as unpaid and delinquent on the whole of the W. $\frac{1}{2}$ of the N. W. $\frac{1}{4}$ of section ten; that on account of an irregularity in the return the property was not sold, and the whole of said unpaid tax was then reassessed in the year 1865 upon the seventy-five acres of said W. $\frac{1}{2}$ owned by the plaintiff, and, not having been paid,

it was again returned delinquent in 1866, and the plaintiff's seventy-five acres were sold to pay the whole tax. It was held to be illegal without some explanation to reassess upon a part of a tract of land the entire tax which had been returned as delinquent upon the whole of such tract. This irregularity does not at all impeach the validity of the tax assessed upon the whole eighty acres. The only wrong was in charging the whole of such tax upon a part of the tract originally charged therewith. This irregularity clearly authorized a reassessment of such tax under the provisions of sec. 1087, R. S. In making the reassessment of this tax of 1864 upon the plaintiff's land in 1880, the county board proceeded to do as said section requires, viz., to reassess upon her lands so much of the original tax as was justly taxable and assessable thereon. In making such reassessment they reassessed upon the plaintiff's seventy-five acres of the eighty acres, fifteen sixteenths of the original tax — the same proportion of the tax as her seventy-five acres bears to the eighty acres on which it was originally assessed; and such reassessment must be deemed a proper and just reassessment until impeached by evidence tending to show that it was inequitable and unjust. The tax sale for the taxes of 1870 was set aside because the town assessor had made an imperfect verification of his assessment, and for no other reason. This irregularity does not, we think, impeach the justice or equity of the tax assessed upon the plaintiff's land, and comes duly within the provisions of said sec. 1087, which authorizes a reassessment when the tax deed or tax sale is set aside. The section reads as follows:

"Whenever any tax or assessment, or any part thereof, levied on real estate, whether heretofore or hereafter levied, shall have been set aside or determined to be illegal or void, or the collection thereof prevented by the judgment of a court or the action of the county board; or whenever any town, city, or village treasurer shall have been prevented by

injunction from collecting or returning as delinquent any such tax or assessment in consequence of any irregularity or error in any of the proceedings in the assessment of such real estate, the levy of such tax or the proceedings for its collection, or of any erroneous or imperfect description of such real estate, or of any omission to comply with any form or step required by law, or of the affixing of a revenue stamp to the tax certificate and including the amount thereof in the same, or the including of any illegal addition with the lawful tax, or for any other cause,—then, if the real estate was properly taxable or assessable, if it be not a proper case to collect by a resale of the land, such tax, or so much thereof as shall not have been collected and as may be taxable or assessable thereto, may be reassessed or relevied upon such real estate at any time within two years after such judgment or such action of the county board, or the dissolution of such injunction; and the proper town board, village board, board of trustees, or common council, shall make an order directing the same to be reassessed upon such real estate; and the clerk shall insert the same in the tax roll, opposite such real estate, in a separate column, as an additional tax; and the same shall be collected, as a part of the tax for the year, when so placed on the roll."

It seems to us that both the taxes for 1864 and 1870 were clearly reassessable under the provisions of this section. Whether it was regular to add interest to the tax of 1864 is discussed below. The reassessed tax placed upon the tax roll of 1880 having been enjoined by the plaintiff and its collection or return as delinquent prevented, it was proper that the town board should order the same to be again reassessed and placed upon the tax roll for 1881, and the record shows that the town board made the proper order for such reassessment, and the clerk properly placed such tax on the tax roll of 1881. *Whittaker v. Janesville*, 33 Wis., 92. Whether the county board was authorized to direct the re-

assessment of the original taxes, with interest added at the rate of ten per cent., depended, as I think, upon their authority to refund the same.

That the county board was authorized to refund the taxes for the years 1870, 1872, 1873, 1874, is clearly established by the provisions of law applicable to the facts of the case. Sec. 27, ch. 22, Laws of 1859, authorized such refunding of the money paid by the owner of the tax deed, with interest. The part of the section covering the case reads as follows: " If, after the conveyance of any lands sold for taxes, it shall be discovered that the sale was invalid, the county board of supervisors shall cause the money paid therefor on the sale, *and all subsequent taxes and charges paid thereon by the purchaser or his assigns, to be refunded,* with interest on the whole amount at the rate of seven per cent. per annum, upon the redelivery of the deed to be canceled." This section is re-enacted in the revised statutes of 1878, but with a limitation which, as shown below, is not applicable to said taxes of 1870, 1872, 1873, and 1874. See sec. 1184, R. S. 1878. Under sec. 27, ch. 22, Laws of 1859, above quoted, this court held in the case of *Hutchinson v. Supervisors,* 26 Wis., 402, that such money might be refunded at any time within six years after the sale was discovered to be invalid.

In this case there is no reason for holding that such sale was discovered to be invalid until the judgment of this court declaring it to be so in 1880. Ch. 144, Laws of 1874, provides that " no action brought to recover any sum of money on any defective or irregular title, tax certificate, or tax deed, made or issued by any county or city, shall be maintained in any court against such county or city, unless such action shall be commenced within six years from the time when a deed would have been due upon such tax certificate according to the terms thereof; provided, that any such action may be brought within one year after this act shall take effect; provided further, that whenever an action relating to the validity

of any tax deed shall have been commenced within six years from the maturity of the certificate upon which such deed was based, and final decision shall not be rendered until after the expiration of the time limited by this act, then and in such case the action may be commenced at any time within one year after such decision declaring such tax deed void. Sec. 1185, R. S. 1878, shortens the time for bringing such action to six years from the date of the certificate, instead of six years from the time the tax deed becomes due thereon. But the limitation prescribed by ch. 144, Laws of 1874, is applicable to this case, because the statute had commenced running against the tax-deed claimant when the revised statutes took effect; and so under sec. 4984, R. S. 1878, the limitation of the act of 1874 continues as to this case. The tax certificate issued on the sale for the taxes of 1870 did not entitle the holder thereof to a tax deed until May 9, 1874, and the right of the grantee in that deed to have his money refunded thereon for any irregularities which rendered it void would have expired May 9, 1880, unless an action had been commenced on such deed before that date and a final decision thereon rendered thereafter. The records show that the action of *Scheiber v. Kaehler*, which was brought to test the validity of such tax deed, was commenced before the six years had run, and was finally determined August 2, 1880, after the expiration of said six years; and so under the last clause of sec. 1, ch. 144, Laws of 1874, the grantee in the deed, or his assigns, presented his claim upon that deed in time, and it was properly allowed and paid by the county, with the interest, and the other sums paid for the taxes of 1872, 1873, and 1874, which were paid to protect the claim under such tax deed, were also properly refunded, with the interest thereon; and being so properly refunded by the county, the county board, under the provisions of sec. 1186, properly ordered the taxes so refunded to be reassessed and relieved with ten per cent. interest thereon from the time

when they should have been paid to the end of the year in which such tax would be levied. The order of the county board directing the relevy of these taxes, with interest thereon at ten per cent. per annum, upon the plaintiff's land, was made strictly in conformity with the provisions of said sec. 1186.

Whether the county board was authorized to refund the taxes of 1864 is left in doubt, as it does not appear from the records in the case of *Scheiber v. Kaehler* when that action was commenced, although they show that such case was tried in 1879, less than six years after the tax deed became due on the tax sale for the taxes of 1870, and more than six years after the deed became due on the sale of 1866 for the taxes of 1864. If it be admitted that the county board improperly refunded the tax of 1864, and therefore as to that tax had no authority to direct its relevy and assessment on the plaintiff's lands, with interest added at the rate of ten per cent., still under sec. 1087 it is clear the town board had the right to relevy and assess such taxes upon said plaintiff's land, or such part thereof as was justly chargeable thereto. As to the $108.91, being a part of the original tax, there can be no question, and the only doubt is whether the town board had the right to add ten per cent. interest, as was done on this sum. Sec. 1087 is silent on the subject of interest. It is matter of grave doubt whether, when a reassessment of a tax is made, which is not made in a case wherein the county board has lawfully refunded the tax and interest under the provisions of sec. 1184, R. S., any interest can be added to such reassessed tax. But as that question has not been argued by counsel, and it does not become necessary to the decision of this appeal to determine it, we give no opinion upon the question. Being of the opinion that the record shows that the larger share of the taxes reassessed upon the plaintiff's land was properly so reassessed, and are a valid charge thereon, if it be admitted that the

charge for interest on the tax of 1864 was improperly included, it could have been readily severed from the valid tax, and the plaintiff was not entitled to an injunction to restrain the collection of the entire tax, without tendering or offering to pay the valid part of said tax, and such injunction should have been dissolved on the motion of said defendants, or at all events so modified as to require the payment of all the reassessed tax except the interest on the $108.91, as a condition of the continuance of the same. For the reasons above stated we think the court erred in refusing to dissolve the injunctional order upon the motion of the defendant.

*By the Court.*— The order of the circuit court refusing to dissolve the injunctional order in this case is reversed, and the cause remanded to the circuit court with instructions to enter an order dissolving such injunctional order.